[No. 9,175.   In Bank.—August 27, 1884.]

GEORGE OHLEYER, ASSIGNEE OF THE ESTATE OF J. MARCUSE, AN INSOLVENT DEBTOR, RESPONDENT, v. P. L. BUNCE, APPELLANT.

INSOLVENCY—EVIDENCE.—When, on appeal from a judgment in favor of an assignee in involuntary insolvency, in an action to recover moneys due the insolvent, it appears from the transcript that the creditor's petition was introduced in evidence, but the contents are not stated, the court will not presume that the debts required to be set forth in the petition did not accrue subsequent to the passage of the insolvent act.

ID.—PROOF OF NOTICE TO CREDITORS.—The recitals of an order appointing an assignee in insolvency are sufficient proof of publication of notice to creditors.

ID.—FRAUDULENT SALE—NOTICE TO PURCHASER.—The fact that a sale of goods by an insolvent is not made in the usual and ordinary course of business, is sufficient to charge the purchaser with notice of the insolvency of the seller.

APPEAL from a judgment of the Superior Court of the county of Sutter, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*J. H. Craddock*, and *I. S. Belcher*, for Appellant.

*Stabler & Bayne*, for Respondent.

MORRISON, C. J.—Plaintiff sues as the assignee of Jonas Marcuse, and alleges in his complaint that on the 14th day of January, 1882, certain creditors of Marcuse filed a petition in the Superior Court of Sutter County, wherein they averred that Marcuse has made a fraudulent sale of a certain stock of merchandise in contemplation of insolvency, all of said creditors then and there being creditors of Marcuse in the aggregate amount of five thousand and twenty-five dollars.

That on the 26th day of January, 1882, said Marcuse was by the order of the Superior Court adjudged an insolvent debtor

at the date of said order, and at the time of filing the petition.

That afterwards, to wit, on the 13th day of March, 1882, the plaintiff George Ohleyer was, by an order of the court, duly appointed assignee of said insolvent debtor; that on the 20th day of the same month he duly qualified as such assignee, and received in due form of law an assignment of the estate of Marcuse.

That on the 31st of December, 1881, Jonas Marcuse was insolvent, and in contemplation of insolvency, and within one month prior to the filing of the petition by the creditors of Marcuse, he, the said Marcuse, then and there being insolvent and unable to pay his debts, and in contemplation of insolvency, did make an assignment, transfer, and conveyance to the defendant Bunce of the aforesaid stock of goods, wares, and merchandise, with a view to give said defendant a preference, and to pay him before and in preference to all other creditors of him, the said Marcuse, and in particular before and in preference to these petitioning creditors, and also with a view to prevent the assets of the insolvent debtor from coming to the possession of the assignee, and of being ratably distributed among the creditors of said Marcuse, thereby to hinder, impede, and delay, and also to defeat the object of the act of the legislature of the State of California, entitled "an act for the relief of insolvent debtors" etc., approved April 16, 1880.

The complaint contains the further averment that the defendant received and accepted said assignment, transfer, and conveyance with reasonable cause to believe that Jonas Marcuse was insolvent, and that such conveyance was made with a view to prevent the property so conveyed from coming into the hands of the assignee in insolvency, and to prevent the same from being distributed ratably among the creditors of the insolvent debtor, and with the intent to defeat the object, and to impede and prevent the due operation of the aforesaid insolvent act.

As will be seen from an examination of the complaint, the action is brought under section 55 of the Insolvent Act of 1880, by the plaintiff, as assignee of the estate of Jonas Marcuse, an insolvent debtor, to recover from the defendant certain personal property, or its value, and to charge the defendant as a fraudulent vendee of an insolvent debtor.

Plaintiff had judgment and defendant appealed therefrom.

The first point made by appellant is that the petition filed by the creditors of Marcuse was substantially defective, inasmuch as it did not show when the debts of the petitioning creditors were created.

We are informed by the transcript that the creditors' petition in "involuntary insolvency" was introduced in evidence by the plaintiff, but the contents thereof are not stated. It may have shown that the debts were created after the Act of 1880 went into effect, and certainly we will not presume *that it did not*, simply for the purpose of defeating the insolvency proceedings in this collateral attack.

The next point made by the appellant is, that the court had no jurisdiction to make the order appointing an assignee, and this is predicated on the assertion that no notice was given to the creditors, as required by law; but this fact is sufficiently established as against the defendant by the recitals in the order appointing the assignee, there being no provision of the Insolvent Act making the proof of publication a part of the record. (*Barrett* v. *Carney*, 33 Cal. 530 ; *Laugenour* v. *French et al.* 34 Cal. 92.)

There is another ground on which appellant relies in support of his appeal, and that is that the findings are insufficient to support the judgment. It is claimed that the findings of fact do not bring the sale of Marcuse to the defendant within the provisions of the insolvency law, because it is not found by the court that the sale was made *with a view to give a preference to a creditor or person having a claim against him, the insolvent vendor*.

Is such a finding necessary to avoid a transfer to a purchaser for value? The appellant contends that such a sale cannot be avoided by the creditors, unless made under the following conditions : —

" 1. By a vendor, being insolvent, or in contemplation of insolvency.

" 2. Within a month of the filing of the petition by or against him.

" 3. With a view to give a preference to a creditor or person having a claim against him.

" 4. To or for the benefit of a person having reasonable cause to believe that the vendor is insolvent, and that the transfer is

made with a view to prevent his property from coming to his assignee in insolvency, or to prevent the same from being distributed ratably among his creditors, or to defeat the object of, or in any way hinder, impede, or delay the operation of, or to evade the provisions of the insolvent law."

But must all of the foregoing conditions exist, in order to enable the creditors of an insolvent debtor to avoid a sale made by him?

By section 55 of the Insolvent Act of 1880, it is provided that a sale made by an insolvent debtor may be set aside by the creditors when the same is made with a view to prevent his property from coming to his assignee in insolvency, or to prevent the same from being distributed ratably among his creditors, or to defeat the object of, or in anyway hinder, impede, or delay the operation of, or to evade any of the provisions of this act."

Finding xi. of the court is in the following language:—

"That on December 26, 1881, said Marcuse was insolvent, and in contemplation of insolvency, and, with a view to prevent his property from being distributed ratably among his creditors, he made said sale and transfer of said goods, wares, and merchandise; that said sale and transfer were not made in the usual and ordinary course of business of said Marcuse, and for that reason—there being no evidence sufficient to overcome the legal presumption raised by that fact—the said Bunce had reasonable cause to believe that said Marcuse was insolvent, and that said sale and transfer were made with a view to prevent the said property from being distributed ratably among the creditors of said Marcuse."

We think that the findings of the court were sufficient to bring the case within the prohibitory provisions of the Insolvent Act of 1880, and that there was sufficient evidence in the case to support the findings.

Judgment and order affirmed

MYRICK, J., and THORNTON, J., concurred.

SHARPSTEIN, J.—I concur in the judgment, but on the question of the right of the plaintiff to commence and maintain this action, I think that when he introduced an order of the court appointing him assignee, he established *prima facie* his

right to bring the action, and that it then devolved on the defendant, if he challenged the validity of said appointment, to show that it was invalid.

The law requires that a copy of the order declaring a petitioner insolvent, etc., shall immediately be published by the clerk in a newspaper as often as it is printed before the meeting of creditors, but it does not provide in what mode the proof that such order of publication has been complied with shall be made. I think we ought to presume in such a case that the court, before making the appointment, was satisfied that due publication had been had, and as the act is silent as to the mode of proving that fact, the court was authorized to require it to be proved in such manner as it might prescribe, and that it was not necessary that the record should show that such proof had been made. In any event, the publication is required to be made in the interest of creditors, and until one of them complains of a want of sufficient publication, it is unnecessary to decide whether this question could be raised in a collateral proceeding by any one.

McKEE, J., concurred.