87   613
97   421
87   613
114   456

[No. 13809.   Department One. — February 5, 1891.]

ABE HASS, Assignee, etc., Respondent, *v.* WHITTIER, FULLER & CO., Appellants.

Insolvency — Preference of Creditor — Recovery by Assignee — Pleading. — Unless it appears that an insolvent transferred his property to a creditor within one month before proceedings in insolvency were instituted, with the view or intention on his part to give preference to the creditor, it is immaterial what were the views or motives of the creditor in receiving the property, or what he suspected or believed as to the solvency of the debtor, and the property cannot be recovered from the creditor by the assignee, without an allegation in the complaint as to the intention of the insolvent debtor.

Appeal from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Barclay, Wilson & Carpenter,* for Appellants.

*Chapman & Hendrick,* and *Graves, O'Melveny & Shank-land,* for Respondent.

VANCLIEF, C. — The object of this action is to recover from defendants $856.99, the value of certain personal property alleged to have been sold and delivered to defendants by the insolvent in payment of his debt of $900, within one month before the filing of the petition against him by his creditors, contrary to the provisions of section 55 of the Insolvent Act of 1880. The judgment of the court below was in favor of plaintiff for the sum demanded, and the defendants appeal on the judgment roll, contending that neither the complaint nor the findings of fact states a cause of action. A general demurrer to the complaint was overruled.

So far as applicable to this case, section 55 of the Insolvent Act is as follows: "If any person, being insolvent, or in contemplation of insolvency, within one month before the filing of a petition by or against him, with a view to give a preference to any creditor or person having a claim against him, . . . . makes any payment, assignment, transfer, or conveyance of any part of his property, . . . . the person receiving such payment, . . . . having reasonable cause to believe that such person is insolvent, and that such . . . . payment . . . . is made with a view to prevent his property from coming to his assignee in insolvency, or to prevent the same from being distributed ratably among his creditors, or to defeat the object of, or in any way to hinder, impede, or delay the operation of, or to evade any of the provisions of this act, such transfer, payment, conveyance, pledge, or assignment is void, and the assignee may recover the property, or the value thereof, as assets of such insolvent debtor."

It is neither alleged in the complaint nor found as a fact by the court, that the insolvent transferred the

property to the defendants "with a view to give a preference to any creditor or person having a claim against him"; but it is found that the transfer was made to and received by the defendants in satisfaction of a valid debt of nine hundred dollars due them from the insolvent.

It is further found, however, that the property was *received by the defendants* "with a view to give said defendants a preference, and to pay said indebtedness to said firm (defendants) before and in preference to all other creditors of said Edgar Sessions, and with a view to prevent the said property so transferred from coming to his assignee in insolvency, and to prevent the same from being distributed ratably among his creditors, and to defeat the object of the said Insolvent Act of 1880; and the said defendants, and each of them, at the time of said assignment and transfer and acceptance of said property, had reasonable cause to believe, and as plaintiff is informed and believes well knew, that the said Edgar Sessions was insolvent, and that said transfer and assignment was made for the purpose above mentioned," — this finding being copied from the complaint.

Unless the insolvent transferred the property with the view or intention to give preference to some creditor or person having a claim against him, it makes no difference what were the views or motives of the defendants in receiving the property, or what they suspected or believed about the solvency of Sessions.

I think the judgment should be reversed, and the cause remanded, with instructions to the court below to sustain the demurrer to the complaint.

FOOTE, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, with instructions to the court below to sustain the demurrer to the complaint.

Hearing in Bank denied.