SALISBURY v. BURR, Sheriff (PERKINS, Intervener).*

L. A. No. 79; March 24, 1896.

44 Pac. 461.

**Insolvency—Fraudulent Transfers.**—In Replevin, where defendant, as assignee of an insolvent debtor, alleges that the property was fraudulently transferred to plaintiff by the insolvent in order to de-

---

*For subsequent opinion in bank, see 114 Cal. 451, 46 Pac. 270.

feat his creditors, special findings that plaintiff knew the debtor was insolvent at the time of the transfer, and that the transfer was made to prevent the property from coming into the hands of the assignee, and from being distributed among the creditors with a view to defeat the object of the California insolvent act of 1880, plaintiff having reasonable cause so to believe, but that the transfer was not made to give preference to any creditor, are sufficient to support a general verdict for the defendant under act of April 16, 1880, section 55, relating to transfers by insolvent debtors.

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

This was an action in claim and delivery, brought by A. B. Salisbury against John Burr, as sheriff, to recover a stock of merchandise taken by the sheriff under a writ of attachment sued out by Gregory Perkins, Jr., assignee of F. E. Randall. Perkins intervened. There was a verdict and judgment for the intervener, and, a motion for new trial having been granted, intervener appeals. Reversed.

Graff & Latham for appellant; Walter Rose and W. H. Young for respondent.

SEARLS, C.—This is an appeal by the defendant and the intervener from an order of the court below granting a new trial on the motion of plaintiff. The action is in claim and delivery to recover by the plaintiff, A. B. Salisbury, a stock of groceries, trade fixtures, horses, wagons, harness, etc., alleged to be of the value of $2,800. The defendant, John Burr, denied the ownership or possession of plaintiff, and justified the taking and detention of the property: (1) As the sheriff of the county of Los Angeles, under and by virtue of a writ of attachment sued out by Gregory Perkins, Jr., in an action instituted by said Perkins against F. E. Randall, who was indebted to said Perkins in the sum of $370.98, which said writ was levied on the property March 5, 1895, as the property of said Randall. (2) Defendant justifies further by showing that on the day of the levy of the attachment, viz., March 5, 1895, said F. E. Randall filed his voluntary petition in insolvency, was adjudged an insolvent, and thereupon defendant was, by order of the court, duly appointed receiver of the estate of said insolvent, and on the seventh day of March, 1895, filed bond and qualified as such receiver, took

possession of the property, and still retains the same as such receiver. That said insolvent, within thirty days next before the filing his petition in insolvency, pretended to sell said property to plaintiff. That such sale was fraudulent, without consideration, and made to defraud creditors and to prevent the property from going to the receiver, etc., averring certain facts tending to show fraud on the part of plaintiff and said Randall. George Perkins, Jr., intervened in the action by leave of the court, and showed by his complaint that he had been duly elected, and had qualified as assignee in insolvency of the estate of the insolvent, F. E. Randall, and had received an assignment of said estate, executed by the clerk of Los Angeles county; and also averred that the property in question had been fraudulently transferred by the insolvent to plaintiff, without consideration, out of the usual course of business, and to prevent the property coming to the hands of the assignee, and from being distributed to the creditors of said insolvent, and to defeat the object of the insolvent act of 1880; that plaintiff was cognizant of the fraud, etc., and that the insolvent had no other property than that conveyed, etc. The cause was tried by a jury, a general verdict rendered in favor of intervener, and several special findings returned. These findings may be summarized as follows: Randall was insolvent at the time he transferred the property to plaintiff, which fact plaintiff had reasonable cause to believe. The transfer was made with intent to prevent its coming to the assignee in insolvency; to prevent its being distributed ratably among his creditors; and with a view to defeat the object of the insolvency act of 1880, which last fact plaintiff had reasonable cause to believe at the time of the transfer. The transfer was not made to give a preference to any creditor or person having a claim against the insolvent, or to anyone who was under liability to him, or to prevent the property which the insolvent received in exchange for the property transferred from coming to the hands of the assignee or from being ratably distributed; and, if the insolvent so intended, plaintiff had no knowledge thereof, or reason to so believe. There is a statement on appeal, but it does not set out any of the evidence, or the instructions given to the jury or refused by the court, and the question must turn upon the sufficiency of the specifications upon which the notice of motion for a new trial specified that it would be made "upon the minutes

and records of the court and upon the instructions of the court to the jury and the pleadings, records and findings in said action.''

Under the fourth subdivision of section 659 of the Code of Civil Procedure it was necessary for the moving party to specify in his notice of motion the particular errors upon which he would rely. The only specifications of error are as follows: (1) Insufficiency of the special findings to justify the verdict, and that the general verdict is against the law. (2) Errors in law occurring at the trial, and excepted to by plaintiff. (3) That the verdict is against the law. (4) That the general verdict rendered by the jury in the action is not supported by the special findings of fact made by the jury. (5) Upon the ground that the general verdict is inconsistent, and contrary to the special findings made by the jury. ' (6) That upon the special findings of fact it appears that the plaintiff is entitled to judgment against defendant and intervener for the return of the property. There is no suggestion that the evidence failed to support the verdict or special findings. We must therefore assume that it was sufficient in these respects. If there is any error assigned which the court below could consider, it must have been that the special findings were antagonistic to the general verdict, and did not support it. The general verdict in favor of intervener was the equivalent of a finding in his favor upon all the issues in the case. The special findings did not cover all of those issues, but, so far as they went, they were in harmony with such general verdict, and tended to its support. We fail to find in the record any ground upon which, by the most liberal construction, the act of the court below granting the new trial can be upheld. It is suggested—but whether rightly we cannot say—that the court regarded the cases of Ohleyer v. Bunce, 65 Cal. 544, 4 Pac. 549, and Washburn v. Huntington, 78 Cal. 573, 21 Pac. 305, which construed section 55 of the insolvent act of 1880, as being overruled by Hass v. Whittier, 87 Cal. 613, 25 Pac. 917, and in the same case in 97 Cal. 411, 32 Pac. 449. Hass v. Whittier, 87 Cal. 613, 25 Pac. 917, was a case in which the action was brought by the assignee of an insolvent to recover from a creditor of the insolvent the value of certain personal property transferred to such creditor. There was no allegation in the complaint or finding that the insolvent transferred the property to his creditor ''with a view to give a preference

to any creditor or person having a claim against him," and on appeal this court reversed the judgment, for the want of such allegation and finding. In the case at bar the complaint in intervention shows that within thirty days next before filing his petition in insolvency the insolvent pretended to transfer the property in question to plaintiff; that the transfer was without consideration, "and such pretended transfer was made out of the usual course of business, with the full knowledge on the part of said Salisbury that said F. E. Randall was then insolvent; and the said pretended sale was entered into by and between said F. E. Randall and said Salisbury for the purpose of preventing said property from coming to this intervener as the assignee of said insolvent, to prevent the same from being ratably distributed among his creditors, and to defeat the object of the insolvent act of 1880; and at the time of said pretended transfer said F. E. Randall had no other property with which to pay his debts, or out of which the same could be satisfied; . . . . that said A. B. Salisbury, for the purpose of defrauding said estate, is wrongfully claiming to be the owner thereof," etc. These allegations, while not as full and complete as they might have been, are deemed sufficient in the absence of a demurrer. Hass v. Whittier was here again.(97 Cal. 411, 32 Pac. 449), and on the second appeal it was held, among other things, that where there is a transfer by an insolvent debtor to his creditor, not made in the usual and ordinary course of business, the transaction is presumed prima facie to be a preference not allowed by section 55 of the insolvent act; but that such presumption may be rebutted by showing that no preference was intended, and that the insolvent intended to treat all his creditors alike. In the present case there is no showing that the plaintiff was a creditor of Randall, the insolvent. Section 55 of the insolvent act of 1880 is aimed not only at cases where an insolvent debtor, in contemplation of insolvency, within one month before filing his petition in insolvency, causes his property to be seized, etc., with a view to giving a preference to a creditor or person having a claim against him, but also at all persons who receive assignments, transfers or conveyances of his property within the same period, having reasonable cause to believe that such person (the assignor) is insolvent, and that the transfer, assignment or conveyance "is made with a view to prevent his property from coming to his assignee in insol-

vency, or to prevent the same from being distributed ratably among his creditors,'' etc., in which cases the transfer is void, and the assignee in insolvency may recover the property or its value. We are satisfied that upon the specifications of errors as assigned in the notice of motion for a new trial no cause was assigned upon which a new trial could properly be granted, and hence we recommend that the order granting a new trial be reversed and the cause be remanded, directing the entry of judgment in favor of intervener.

We concur: Britt, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order granting a new trial is reversed and the cause remanded, directing the entry of judgment in favor of intervener.