[L. A. No. 79. In Bank.—October 6, 1896.]

A. B. SALISBURY, RESPONDENT, *v.* JOHN BURR, ET AL., APPELLANTS.

INSOLVENCY—FRAUDULENT TRANSFER—CONSTRUCTION OF STATUTES.—Section 55 of the Insolvent Act deals only with transfers made by the insolvent with design to give preference to a creditor, and does not apply to transfers made to persons other than creditors, with intent to defraud creditors; but such a transfer is void under section 3439 of the Civil Code, by which every transfer of property made with intent to defraud any creditor is void, and may be avoided at the instance of creditors, or of the assignee of the insolvent debtor, whether made to a creditor or to one who is not a creditor.

ID.—TRANSFER TO THIRD PERSON—INTENT TO DEFEAT INSOLVENCY ACT—SPECIAL VERDICT—SUPPORT OF JUDGMENT—RECOVERY BY ASSIGNEE IN INSOLVENCY.—In an action involving the validity of a transfer of merchandise made by an insolvent debtor to a third person, a special verdict which shows that the debtor was insolvent when the goods were transferred, and that the transferee then had reasonable cause to believe that he was insolvent, and was making the transfer to defeat the Insolvency Act, that the transfer was made to prevent the property from coming to the assignee in insolvency, and to prevent it from being ratably distributed among the creditors of the insolvent, and with a view to defeat the Insolvency Act, but was not made with a view to give preference to any creditor or person having any liability to the insolvent, and that there was no intention that the property received in exchange for that transferred should not go into the hands of the assignee in insolvency, or be ratably applied to the debts of the insolvent, sufficiently support a judgment setting aside the transfer, and awarding the property to the assignee in insolvency, under section 3439 of the Civil Code.

APPEAL from an order of the Superior Court of Los Angeles County, granting a new trial. LUCIEN SHAW, Judge.

The facts are stated in the opinion of the court.

*Graff & Latham*, for Appellants.

If plaintiff took the property in fraud of the insolvent

law, that is, without consideration out of the usual course of business, to prevent its being ratably distributed by the assignee, with knowledge that insolvent had no other property, and for the purpose of defeating the object of the Insolvency Act of 1880, he was not entitled to the possession of the property, and it was the duty of the court to render a judgment upon the verdict in favor of the intervenor, and it was error to grant a. new trial. (*Ohleyer* v. *Bunce*, 65 Cal. 544; *Washburn* v. *Huntington*, 78 Cal. 576, 577; *McDermott* v. *Higby*, 23 Cal. 489.) As respondent, in his motion for a new trial on the minutes of the court, fails to specify the particular errors upon which he relies, the motion must be denied. (Code Civ. Proc., sec. 659, subd. 4; *Packer* v. *Doray*, 98 Cal. 315.) The special findings are not inconsistent with the general verdict. It is not necessary that the transfer be made to or to prefer a. creditor to render it void. (*Ohleyer* v. *Bunce*, *supra;* *Washburn* v. *Huntington*, *supra;* *Walbrun* v. *Babbitt*, 16 Wall. 577.)

*Walter Rose* and *W. H. Young*, for Respondent.

The court below exercised only its proper discretion in setting aside the verdict of the jury and granting a new trial. And it must be presumed, in the absence of a statement or bill of exceptions showing the evidence and instructions of the court, that there was sufficient error of law to warrant the court's action in setting aside the verdict and granting a new trial; and this court will not interfere with the ruling of the trial court. In support of said order setting aside the verdict and granting a new trial to plaintiff, see *Martin* v. *Matfield*, 49 Cal. 42; *Declez* v. *Save*, 71 Cal. 552.

HENSHAW, J.—Defendant and intervenor appeal from the order of court granting plaintiff a new trial.

The action was in claim and delivery to recover of the defendant sheriff a stock of groceries, fixtures, horses, wagons, etc., of the alleged value of two thousand

eight hundred dollars.    The defendant denied plaintiff's
ownership or possession, and justified his seizure and
detention under a writ of attachment issued in an ac-
tion between Perkins and Randall.. Upon March 15,
1889, the writ was levied upon the property as the prop-
erty of Randall.    The sheriff further showed that on
said March 15th, the day of the levy, Randall filed his
petition in insolvency, and was adjudged an insolvent,
whereupon defendant was appointed receiver of his
property.    Under this appointment he qualified, took
the property, and at the commencement of this action
so held it as receiver.    Within thirty days before filing
his voluntary petition in insolvency Randall made sale
of the property to plaintiff, which sale it is alleged was
pretended and fraudulent, for the purpose of defraud-
ing the creditors of said insolvent, and to prevent the
property from coming into the possession of Randall's
receiver.    Further, it is charged that the pretended sale
and transfer were out of the usual course of business,
and with full knowledge by plaintiff that Randall was
at the time insolvent, that the transfer would prevent
the property from being ratably distributed among
Randall's creditors, that Randall had no other property
whatever with which to pay his debts, and that plaintiff,
for the purpose of defrauding the creditors of the insol-
vent, pretends to have purchased the property, and is
now wrongfully claiming to be the owner thereof.

Gregory Perkins intervened as assignee in insolvency
of Randall, and tendered the same issues of fraud as did
the sheriff.

The jury returned the following special verdict: 1.
Randall was insolvent at the time the goods were trans-
ferred by him to plaintiff; 2. At the time he accepted
the transfer plaintiff had reasonable cause to believe
that Randall was insolvent; 3. The transfer was made
by Randall to prevent his property from coming to the
assignee in insolvency; 4. The transfer was made by
Randall to prevent the property from being ratably dis-
tributed among his creditors; 5. The transfer was made

by Randall with the view to defeat the Insolvency Act of 1880; 6. At the time the transfer was made plaintiff believed, or had reasonable cause to believe, that Randall was making the transfer with a view to defeat the Insolvency Act of 1880; 7. Randall did not make the transfer with a view to give a preference to any creditor or person having a claim against him, or to anyone who was under liability for him; 8. Neither Randall nor plaintiff at the time the transfer was made intended that the property Randall received from plaintiff in exchange should not go into the hands of his assignee in insolvency, or should not be ratably applied to pay his debts.

The jury also rendered a general verdict, finding for the intervenor "for the recovery of the property described in the complaint."

The motion for a new trial was based upon the minutes of the court. One of its grounds was errors in law occurring at the trial, and excepted to by plaintiff. As no specification of errors is found in the notice, this ground could not properly have been, and presumably therefore was not, considered by the court. (*Packer* v. *Doray*, 98 Cal. 315.) The sole remaining ground, and that, consequently, upon which the order must have been granted, was the irreconcilable conflict and inconsistency which the court believed to exist between the special verdicts or findings of the jury upon the questions of fact presented to them, and their general verdict in favor of the intervenor; also because, as claimed by plaintiff, he was entitled to judgment under the special findings, which judgment could not be entered in his favor by reason of the jury's failure to find the value of the property (Code Civ. Proc., sec. 667); from all which a mistrial necessarily resulted.

By section 3439 of the Civil Code, every transfer of property made with intent to delay or defraud any creditor or other person of his demands is void against all creditors, and against any person upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor. This broad provision renders

void, at the instance of creditors or of the assignee in insolvency, any transfer of property made by the debtor with the intent to delay or defraud any of his creditors. Under this section it matters not whether the transfer be made to a creditor, or, as in the present case, to one between whom and the insolvent such relation does not exist. It is a void transfer if made with the intent—which intent is to be found as a matter of fact—to hinder or defraud.

Section 55 of the Insolvency Act of 1880 creates a limitation upon the otherwise general right of a debtor to prefer certain creditors, and declares void enumerated acts of an insolvent, or of one in contemplation of insolvency, which have for their view the giving of a preference to any creditor or person having a claim against, or who is under any liability for the insolvent, provided, also, that the person receiving the benefit of the act has reasonable cause to believe that the person making it is insolvent, or that it is done with a view to prevent the insolvent's property from coming to his assignee, or that it is done to prevent the same from being distributed ratably amongst his creditors, or that it is done to defeat the object of, or in any way hinder, impede, or delay the operation of, or to evade any of the provisions of the Insolvency Act.

Section 55 of the Insolvency Act of 1880 contemplates, therefore, a somewhat narrow and special class of acts which the insolvent may be tempted to perform, and declares them void. Those acts have each and all to do with transfers, assignments, and generally with attempts upon the part of the insolvent to favor and prefer a creditor, or one under liability for him. And it must be held that, if a particular transfer by one in contemplation of insolvency be not made with a view to give preference to a person standing in this relation to the insolvent, the act does not come within the purview of section 55.

But it by no means follows therefrom that the transfer by the insolvent, because it is not in violation of

section 55 of the Insolvency Act, is therefore valid. A man in contemplation of insolvency might for a very inadequate consideration make a transfer of property to one who did not stand in the relation of creditor to him, trusting to a secret understanding with the transferee that he should in due time receive back from him the property transferred. The purpose and object of the transfer would thus be to defraud all the creditors of their just dues, for the benefit of the insolvent himself, and not for the benefit of any creditor. It would be absurd to say that such a transaction could be upheld, while the much more honest attempt of the insolvent merely to prefer one creditor at the expense of the others should come within the ban of the law.

Such a transaction would be void at the instance of creditors, or of the insolvent's assignee, but it would be void, not as a violative of section 55 of the Insolvency Act, but as violative of section 3439 of the Civil Code. In *Hass* v. *Whittier etc. Co.*, 87 Cal. 613, the transfer was made to a creditor, and it was charged that the transfer was in violation of section 55 of the Insolvency Act. The complaint did not aver, however, that the insolvent transferred the property to the defendant creditors with a view to giving them preference. It was there held that, if the complaint sought to attack the transfer to a creditor as being void under the provisions of section 55 of the Insolvency Act, it should be averred and found that the transfer was made with a view to give such preference. The finding was that the property was *received* by the defendants with a view to give said defendants a preference, but it was held that, so far as the provisions of section 55 were concerned, unless the insolvent *transferred* the property with the view to give preference, the views or motives of the transferee in receiving it were of no importance. It was nowhere found in that case that the transfer was made, either with a view to give a preference, or with a view to hinder, or delay, or defraud creditors, or to prevent the property from coming to the assignee, or to prevent it from being

ratably distributed amongst creditors. The intent of the insolvent in making the transfer was not found by the court.

In *Ohleyer* v. *Bunce*, 65 Cal. 544, it was claimed that the findings of fact did not bring the sale by the insolvent to the defendant, within the provisions of the insolvency law, because it was not found by the court that the sale was made with a view to give a preference to a creditor or a person having a claim against the insolvent vendor. The question presented to and passed upon by the court was whether such a finding was necessary to avoid a transfer to a purchaser for value. The opinion sets forth the finding of the trial court, which was to the effect that Marcuse, being insolvent, and in contemplation of insolvency, and with a view to prevent his property from being distributed ratably amongst his creditors, made the sale and transfer of the goods, wares, and merchandise, and that the vendee had reasonable cause to believe that Marcuse was insolvent, and that said sale and transfer were made with a view to prevent said property from being distributed ratably amongst his creditors. It was held that these findings sufficiently evidenced a fraud which would avoid the sale. The court, in so deciding, held, it is true, that the findings were sufficient to bring the case within the prohibitory provisions of the Insolvency Act of 1880. The determination that the sale was void under the provisions of the Insolvency Act is not in harmony with the conclusion reached in *Hass* v. *Whittier, supra,* and here reaffirmed, namely, that section 55 of that act deals only with the transfers made with the design to give preference to a creditor. The decision in *Ohleyer* v. *Bunce, supra,* was, however, sound. The sale and transfer as found by the court, were clearly violative of section 3439 of the Civil Code. Where a transfer or sale is made in contemplation of insolvency, with a view to prevent the property from being distributed ratably amongst the creditors, and the transfer is accepted with the knowledge that it is made for this purpose, all of which was found

in *Ohleyer* v. *Bunce, supra*, it is plain that the transfer is made by the insolvent with the intent to delay, if not to defraud, those creditors.

In the case at bar the findings of the jury were to like effect. They found that Randall made the transfer with intent to prevent his property from coming to the assignee, and to prevent it from being ratably distributed amongst his creditors, and that Salisbury, at the time he accepted the transfer, knew, or had reasonable cause to believe, that it was being made with this intent and for this purpose. Under such circumstances the transfer was void under section 3439 of the Civil Code. The general verdict of the jury in favor of the assignee was not, therefore, in conflict with the special findings.

Under the specifications of errors no valid ground appears why the order for a new trial was granted.

The order is, therefore, reversed and the cause remanded, with directions to the court to enter judgment in favor of the intervenor.

Temple, J., McFarland, J., Van Fleet, J., Garoutte, J., and Harrison, J., concurred.

Rehearing denied.