[Civ. No. 2868.   Third Appellate District.—March 19, 1925.]

HANSCOME–JAMES–WINSHIP (a Corporation), Respondent, v. D. N. AINGER, et al., Appellants.

[1] FRAUDULENT CONVEYANCES — DEED FROM HUSBAND TO WIFE — PLEADING.—In this action by a judgment creditor of the defendant husband to secure a deed setting aside a deed from him to his wife, on the ground that said conveyance was fraudulent as to plaintiff, the allegations of the complaint were sufficiently scopeful to cover cases of fraudulent conveyances of property provided by both section 3439 and section 3442 of the Civil Code.

[2] Id.—Intent to Defraud Creditors — Burden of Proof. — To make out a case of fraudulent conveyance under section 3439 of the Civil Code, it is necessary that it be affirmatively shown by sufficient evidence that the transfer was made by the transferor with the intent to hinder or defraud his creditors or other persons owning and holding demands against him.

[3] Id.—Voluntary Conveyance by Insolvent Transferor—Intent. If a conveyance is made by a transferor voluntarily or without a valuable consideration, while he is insolvent or in contemplation of insolvency, his intent is immaterial and the transfer, regardless of the actual intent, is void as to his creditors.

[4] Id.—Insolvent Husband—Conveyance for Love and Affection —Presumption—Burden of Rebuttal.—Love and affection, while good, is not a valuable consideration; and in an action by a judgment creditor to secure a decree setting aside a deed from the judgment debtor to his wife, on the ground that such conveyance was fraudulent as to plaintiff, where the insolvency of the husband at the time he made the transfer to his wife is expressly admitted and the expressed consideration for the transfer is "love and affection," the conveyance is presumed to be fraudulent as to creditors of the husband, and the burden is cast upon the defendants to prove that the deed of conveyance was supported by a valuable consideration.

[5] Id.—Burden of Rebuttal—Insufficient Proof.—In this action by a judgment creditor to secure a decree setting aside a deed from the judgment debtor to his wife, on the ground that such conveyance was fraudulent as to plaintiff, the insolvency of the husband at the time of the transfer having been expressly admitted; and the expressed consideration for the transfer having been "love and affection," the burden of proving that the conveyance was supported by a valuable consideration was not sustained by proof to the effect that the sole purpose of the conveyance from the defendant husband to his wife was merely to enable him (by means of a mortgage executed by her to a bank from which he had secured loans up to the legal limit) to secure

---

2.   See 12 R. C. L. 532.

3.   Voluntary transfers as in fraud of creditors, notes, 7 Am. Dec. 362; 14 Am. Dec. 703; 28 Am. Rep. 721; 4 Am. St. Rep. 739; 119 Am. St. Rep. 556. See, also, 12 R. C. L. 537; 12 Cal. Jur. 1019.

4.   Burden of proof as to fraud against creditors in transfer from husband to wife, note, 56 L. R. A. 823.

Transaction between husband and wife and other relatives as fraud on creditors, notes, 19 Am. St. Rep. 657; 20 Am. St. Rep. 715; 90 Am. St. Rep. 497; 36 L. R. A. 67. See, also, 12 R. C. L. 669; 12 Cal. Jur. 1021.

additional loans on the property, that he received for his own use the money borrowed from the bank, and that his wife parted with nothing of value.

[6] ID.—MOTIVE — INTENT—VOID CONVEYANCE—STATUTORY CONSTRUCTION.—In such action, it is immaterial that the motive in the transaction whereby the husband conveyed the property to his wife was to enable him to proceed with his farming operations so that, if successful therein, he would be able to realize from his crops sufficient means with which to satisfy the obligations, and demands held against him by his creditors, at least in part if not in whole, as, by the very terms of the statute itself, a conveyance of property voluntarily made, while the grantor is insolvent or in contemplation of insolvency, is absolutely void as against his creditors, and any attempt by him to sustain the legality of the transfer on the ground that it was made with good motives or an honest intent will not be listened to by a court in a suit by his creditors to nullify and set aside the conveyance.

---

(1) 27 C. J., p. 765, n. 92.    (2) 27 C. J., p. 503, n. 64.    (3) 27 C. J., p. 500, n. 32.    (4) 27 C. J., p. 500, n. 32, p. 527, n. 44, p. 798, n. 30 New.    (5) 27 C. J., p. 606, n. 27, p. 830, n. 17.    (6) 27 C. J., p. 501, n. 34.

APPEAL from a judgment of the Superior Court of Colusa County. Ernest Weyand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Atran & Sheets for Appellants.

Hudson Grant and A. G. Bailey for Respondent.

HART, J.—This is an action by the plaintiff, as a judgment creditor of the defendant D. N. Ainger, to secure a decree setting aside a deed from the said D. N. Ainger to his wife, Mary Ainger, on the ground that said conveyance was fraudulent as to the plaintiff.

Judgment passed for the plaintiff and the defendants appeal therefrom.

In their brief counsel for the plaintiff state that "the facts of the case are substantially as set forth in appellants' brief." In view of this statement, in setting out the facts herein we will appropriate in part the statement thereof in the opening brief of the appellants:

71 Cal. App.—47

"On April 5th, 1920, the defendant, D. N. Ainger, became indebted to the plaintiff in the approximate sum of $6000.00 and on December 2nd, 1920, $3000.00 thereof being in default the plaintiff commenced an action against the defendant, D. N. Ainger and on the 5th day of April, 1922, recovered judgment in the sum of $3000.00, interest and costs, in that action.

. "On January 3rd, 1922, and for a long time prior thereto the defendant D. N. Ainger was and had been the legal owner of lots 37, 38, 39, 40, 41, 42, 67, 68, 69, 70, 71, and 72 of a subdivision of blocks 33, 34, and 35 of Ashley's subdivision of the Grimes Ranch, situated in Colusa county and hereinafter referred to as the 'Lots.'

"While such owner of the Lots and on the 7th day of August, 1920, the defendants made and executed in favor of the First Savings Bank of Colusa, a real estate mortgage upon the Lots and other real estate to secure their note in the sum of $5000.00 and which mortgage was recorded on the 9th day of August, 1920, in Volume 53 of Mortgages at page 29, Records of Colusa county. Ainger, during all of the time concerned with this action, was engaged in large farming operations and especially in the rice business. On January 3rd, 1922, D. N. Ainger was loaned up to the legal limit with the First Savings Bank which was a co-ordinate institution operated jointly with the First National Bank. On that day for the purpose of giving to D. N. Ainger additional funds to carry on his farming operations it was agreed between D. N. Ainger, Mary Ainger, the First Savings Bank and The First National Bank, that the First Savings Bank should release the Lots from the terms of its mortgage. In furtherance of the agreement and on January 3rd, 1922, The First Savings Bank executed a satisfaction of its mortgage for $5000.00 on the Lots and at the same time the defendant D. N. Ainger deeded the Lots to his wife, the defendant Mary Ainger. This deed states the consideration to be 'love and affection which the first party has and bears toward the second party.' . . .

"Thereafter and on January 10th, 1922, in conformity with this arrangement for loaning against the Lots Mary Ainger gave her promissory note in the sum of $300.00, dated on that day to The First National Bank of Colusa, which note was the first of a series of notes, which aggregated

$1082.17 and the last of which was given by Mary Ainger on the 26th day of June, 1922. The $300.00 received for the first note by Mary Ainger and the entire sum of $1082.17 received from the bank under this transaction was placed to the credit of the defendant Ainger and used by him in his farming operations and constituted 'full value for the property.' At the time these loans were being made and at all of the times afterwards the defendant D. N. Ainger had property not sufficient to cover his liabilities and was insolvent.

"On the 28th day of April, 1922, an execution issued to satisfy the $3000.00 judgment previously described was returned by the sheriff unsatisfied because of his inability to find any property belonging to the defendant D. N. Ainger.

"On July 26th, 1922, after having received an extension of credit as stated by the series of notes in the sum of $1082.17 the defendant Mary Ainger gave to The First National Bank of Colusa her mortgage on the Lots, dated on that day to secure that sum, which mortgage was recorded on the 28th day of July, in Volume 53 of Mortgages at page 74, Records of Colusa County."

After setting forth the fact of the indebtedness of D. N. Ainger to plaintiff in the sum of $3,000, the bringing of an action by plaintiff to recover said sum and accrued interest from said Ainger, the securing of judgment by plaintiff against said Ainger for said principal debt and interest, the issuance of a writ of execution on said judgment, the placing of said writ in the hands of the sheriff, and the return of that officer of said execution wholly unsatisfied, the complaint avers, in paragraph 4 thereof:

"That on or about the 3rd day of January, 1922, and while said D. N. Ainger was insolvent, and so indebted to plaintiff, as aforesaid, he, said D. N. Ainger, without any consideration, and with the intent and purpose to hinder, delay and defraud his creditors, made, executed and delivered to his said wife, Mary Ainger, a Deed of conveyance to that certain real property situate, lying and being in the County of Colusa, State of California, and particularly described as follows, to-wit: (then follows a specific description of the lots.) . . .

"That said Mary Ainger at said time, and at all times, well knew that the said D. N. Ainger transferred said prop-

erty and executed said conveyance to her with the intent and purpose to cheat and defraud his said creditors.''

The findings are general and follow the averments of the complaint.

The defendants admit that D. N. Ainger, at the time of the conveyance of the ''lots'' by him to his wife, his codefendant, was insolvent, and that the allegation of the complaint to that effect ''may be considered true.''

The sole contention of the defendants is that the findings, in so far as they embrace the allegations of paragraph 4 of the complaint, are not supported by the evidence or any evidence adduced at the trial and embodied in the record on this appeal. In other terms, the contention is that there is no evidence which supports the finding that the conveyance of the real property concerned herein by D. N. Ainger to his wife was made with the intent and purpose to hinder, delay, and defraud the creditors of the grantor, and that the evidence without conflict shows that there was a valuable consideration for the transfer.

[1] The allegations of the complaint are sufficiently scopeful to cover cases of fraudulent conveyances of property provided by both section 3439 and section 3442 of the Civil Code. The first named section provides: ''Every transfer of property or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor, and their successors in interest, and against any person upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor.''

So much of section 3442 of said code as is apposite to the present inquiry reads: ''Any transfer or encumbrance of property made or given voluntarily, or without a valuable consideration, by a party while insolvent or in contemplation of insolvency, shall be fraudulent, and void as to existing creditors.''

[2] To make out a case under section 3439 it is necessary that it be affirmatively shown by sufficient evidence that the transfer was made by the transferor with the intent to delay or defraud his creditors or other persons owning and holding demands against him. (*Atkinson* v. *Western Development Syndicate*, 170 Cal. 503, 506 [150 Pac. 360].) Proof that D. N. Ainger did convey the ''Lots'' to his wife

with the intent to delay and defraud his creditors would respond to the allegations of paragraph 4 of the complaint that such was his purpose and intent in making the conveyance. **[3]** On the other hand, if as said paragraph of the complaint also avers, the conveyance was made by D. N. Ainger voluntarily or without a valuable consideration, while said Ainger was insolvent or in contemplation of insolvency, his "intent is immaterial and the transfer, regardless of the actual intent, is void as to his creditors." (*Atkinson* v. *Western Development Syndicate, supra; Benson* v. *Harriman,* 55 Cal. App. 483, 486 [204 Pac. 255].) **[4]** The insolvency of D. N. Ainger at the time he made the transfer to his wife is expressly admitted by the appellants and the expressed consideration for the transfer is "love and affection," which, while a good, is not a valuable consideration. Upon this showing the presumption arose that the conveyance was fraudulent as against the creditors of the grantor. (Civ. Code, sec. 3442; *Benson* v. *Harriman,* 55 Cal. App. 483 [204 Pac. 259]; *Borgfeldt* v. *Curry,* 25 Cal. App. 624 [144 Pac. 976]; *Southwick* v. *Moore,* 61 Cal. App. 585 [215 Pac. 704]; 12 R. C. L., p. 593, sec. 108.)    Hence the burden was cast upon defendants to prove that the deed of conveyance was supported by a valuable consideration. (*Wendling Lumber Co.* v. *Glenwood Lumber Co.,* 54 Cal. App. 651 [202 Pac. 929]; *Commercial Nat. Bank* v. *Roberts,* 49 Cal. App. 764, 769 [194 Pac. 751]; *Ross* v. *Wellman,* 102 Cal. 2 [36 Pac. 402].)    **[5]** The real question presented here for decision is whether the defendants sustained that burden, and as to this proposition the defendants contend that the receipt by D. N. Ainger for his own use of the money borrowed from the bank by his wife on the "Lots" constituted a valuable consideration for the conveyance of the "Lots" by said Ainger to his wife. We are unable to assent to that proposition.    The sole purpose of the conveyance, as all the parties testified was true, was merely to enable the defendant, D. N. Ainger, to secure additional loans on his own behalf or the community property, if such it was.    The grantee herself, in the transaction, parted with nothing of value.    She merely acted as the conduit through which D. N. Ainger might himself obtain loans on his own property or that of the community.    In other terms, according to the admissions of the defendants, she merely acted as his agent or trustee and as such was vested by him with the legal title to the "Lots" for the purpose of nego-

tiating for her grantor and for his benefit loans of money on the property granted. If D. N. Ainger had voluntarily conveyed the property in question to his wife or to any other person with a secret understanding or reservation that the grantee should sell the property so conveyed and thereupon turn over to the grantor the full amount of the purchase price, it would hardly be contended that the money thus received by the grantor constituted the consideration to him from his grantee for the conveyance. The case here cannot be differentiated from the supposititious case. Both cases involve nothing more nor less than conveyances with secret reservations for the benefit of the grantor, and such transfers of property cannot be upheld as against the rights of the creditors of the grantor. (See 12 R. C. L., p. 545 et seq.; 27 C. J., p. 606, par. 355; *Judson* v. *Lyford,* 84 Cal. 505, 509 [24 Pac. 286]; *Salisbury* v. *Burr,* 114 Cal. 451, 454 [46 Pac. 270]; *McKey* v. *Cochran,* 262 Ill. 376 [104 N. E. 693]; *Adams* v. *Dempsey,* 35 Wash. 80 [76 Pac. 538, 539.].)

[6] But much importance seems to be attached by the defendants to the fact that the evidence indisputably shows, as they contend, that the motive in the transaction, rather than involving any purpose or intent in them thereby to defraud the creditors of D. N. Ainger, was to enable him to proceed with his farming operations so that, if successful therein, he would be able to realize from his crops sufficient financial means with which to satisfy the obligations and demands held against him by his creditors, at least in part if not in whole. Granting that such was the motive prompting the transaction, still that consideration is one which is of no materiality in a case falling within the category of fraudulent conveyances to which the instant case belongs, nor, except in so far as it might have relation to the intent with which a conveyance may be made by a debtor, would the motive therefor be a material consideration in any case of an alleged fraudulent conveyance of property. The character of the transaction must be judged or determined by the intent with which the conveyance is made in those cases in which the intent of the parties to the conveyance is a material element to be considered. In this case, however, as in all cases where it is made to appear that the conveyance is not supported by a valuable consideration and is made while the grantor or vendor is insolvent or in contemplation

of insolvency, the transfer, as seen, is fraudulent *per se* as against the existing creditors of the grantor or vendor, and in such cases neither the intent nor the motive with which the transfer might have been made is material or of any consequence. In other words, as by the very terms of the statute itself a conveyance of property voluntarily made, while the grantor or vendor is insolvent or in contemplation of insolvency, is absolutely void as against the creditors of the grantor or vendor, any attempt by such grantor or vendor to sustain the legality of the transfer on the ground that it was made with good motives or an honest intent will not be listened to by a court in a suit by the creditors of the grantor or vendor to nullify and set aside the conveyance.

The fact as is intimated in the briefs, that, if the "Lots" had remained subject to the mortgage from the lien of which they were released by the Savings Bank, the plaintiff could not have secured satisfaction of its judgment, either in whole or in part, because D. N. Ainger then owned no other property than that covered by said mortgage, is obviously of no importance here in view of the theory upon which we have deemed it sufficient to consider this appeal for the purposes of the determination thereof. If the case made by the pleadings and the proof were one in which the intent of the grantor was an essential element and which intent it would be necessary to prove to vitiate the force of the conveyance— that is, a conveyance supported by a valuable consideration, or the grantor was not at the time of making the conveyance insolvent or made so by the act of making the conveyance or in contemplation of insolvency—then the fact referred to, as it well may be conceived, would be relevant and important as tending to show that the conveyance was not made with the intent to defraud the creditors of the grantor.

There is no question here as to the rights of innocent encumbrancers. The first National Bank of Colusa, from which the loans on the "Lots" were obtained, is not a party to this action, and hence, assuming that it was an innocent mortgagee of the premises in question, it is not here to assert any rights which it might have thus acquired in the property as a result of the transaction giving rise to this action. It is, therefore, not necessary to consider (the president of said bank having testified that he suggested and that both banks consented to the plan adopted by the defendants to

secure further loans to be used in further prosecuting their farming operations) whether the First National Bank was less culpable, constructively, or as a matter of law, in the inauguration and consummation of the transaction eventuating in the execution of the deed in dispute than were the defendants.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.