[No. 19550.    Department One.—April 19, 1895.]

PAUL BOOB ET AL., RESPONDENTS, *v.* LAVINIA HALL, APPELLANT.

APPEAL BY MORTGAGOR—SERVICE OF NOTICE—DEFAULTING CODEFENDANTS. In an action to foreclose a mortgage, where an averment in the complaint, that the interest of other defendants than the mortgagor in the mortgaged property is subject to the lien of the plaintiff, is admitted by their default, and the judgment merely forecloses their interest in the property, upon an appeal taken by the mortgagor alone, it is sufficient to serve the notice of appeal upon the plaintiffs, and it need not be served upon the defaulting codefendants, who could not be affected ; a reversal or modification of the judgment.

ID.—DESCRIPTION OF MORTGAGED PROPERTY — CERTAINTY — S⁊··· WATER STOCK — CAPITAL STOCK OF WATER COMPANY—CEℓ·.  · ·.æ Where the mortgage, in addition to the land mortgaged, ðɪ ﹍ɪbcd certain shares of water stock, and the complaint described the san..c in the same terms in which it had been described in the mortgage, the mortgagor upon appeal cannot object to uncertainty in the description; and where it does not appear that a certificate had been issued for sharcst of the stock of a water company, the description of it as so many shares of its capital stock, in the mortgage and in the complaint, is sufficient to identify the property mortgaged, as well as for the purpose of a   le under the judgment, and such sale will transfer any title whi ﹍  mortgagor might have to shares of the capital stock for which no c.. tificate had been issued.

ID.—ALLOWANCE OF COUNSEL FEES—ABSENCE OF AGREEMENT.—In the absence of an agreement for the payment of counsel fees in a mortgage

the court is not authorized to include counsel fees as a part of the judgment; and where the complaint contains no averment of any agreement on the part of the mortgagor to pay a counsel fee, and the copy of the mortgage annexed to the complaint does not contain any such stipulation, no counsel fees can be allowed, although prayed for.

APPEAL from a judgment of the Superior Court of San Bernardino county

The facts are stated in the opinion of the court.

*Goodcell & Leonard,* for Appellant.

*George B. Cole,* for Respondents.

HARRISON, J.—Action to foreclose a mortgage executed by the defendant Lavinia Hall. The other defendants were made parties to the action under the allegation that they have or claim some interest in the mortgaged premises, subject to the lien of the plaintiffs. The defendant Hall demurred to the complaint, and upon the overruling of her demurrer she failed to answer, and her default was thereupon entered. The defendants Mansfield made no appearance, and their default therefor was entered. Judgment was rendered in favor of the plaintiffs, directing a sale of the mortgaged property, foreclosing all the defendants of any right therein, and providing that, if the proceeds of the sale of the mortgaged property was insufficient to pay the amount found due to the plaintiffs, judgment for the deficiency should be docketed against the defendant Lavinia Hall. The defendant Lavinia Hall alone has appealed.

1. The notice of appeal was served upon the plaintiffs alone, and the respondents have moved to dismiss the appeal for failure to serve the notice upon her codefendants. As the averment in the complaint that the interest of the other defendants in the mortgaged property is subject to the lien of the plaintiff was admitted by their default, and as the judgment merely forecloses their interest in the property, it is evident that they could not be affected by a reversal of the judgment, or by a modification of any of the terms thereof which affect the appellant and the respondents.

CVII. CAL.—11

2. The demurrer to the complaint was properly over-
ruled. The complaint described the mortgaged property,
other than the land, in the same terms in which it had
been described in the mortgage, viz: "Together with
one share of water in the south fork ditch of the Santa
Ana river, and ten shares of the capital stock of the Lu-
gonia Water Company, a corporation."

The appellant ought not to object to an uncertainty
in description which she has herself made. It does not
appear that the corporation had issued to the appellant
a certificate for the shares of its capital stock; and, if
not, the description in the complaint, as well as in the
mortgage, was sufficient to identify the property which
the appellant intended to mortgage, as well as for the
purpose of a sale under the judgment. Such a descrip-
tion in an instrument of sale would transfer any title
the vendor might have to shares of the capital stock in
a corporation for which no certificate had been issued.

3. In the judgment rendered by the court there was
allowed to the plaintiffs the sum of four hundred dollars
as counsel fees in foreclosing the mortgage. The com-
plaint contains no averment of any agreement on the
part of the mortgagor to pay a counsel fee, nor does the
copy of the mortgage annexed to the complaint contain
any such stipulation. In the absence of an agreement
therefor the court was not authorized to include coun-
sel fees as a part of the judgment. (*Sichel* v. *Carrillo*, 42
Cal. 493; *Clemens* v. *Luce*, 101 Cal. 432.) Neither the
prayer in the complaint for its allowance nor the aver-
ment of the amount which would be reasonable can
supply the necessity of a direct averment that an attor-
ney's fee had been agreed to be paid by the mortgagor.

The motion to dismiss the appeal is denied, and the
cause is remanded to the superior court, with directions
to modify the judgment by excluding therefrom the
amount included therein for attorneys' fees; and, when
so modified, the judgment will stand affirmed.

VAN FLEET, J., and GAROUTTE, J., concurred.