[S. F. No. 669.    Department One.—December 18, 1897.]

SAMUEL IRVINE, Respondent, v. JOHN A. PERRY et al., Respondents.    F. C. MARTIN, Appellant.

FORECLOSURE OF MORTGAGE—SUBORDINATE LIENS—SALE OF PARCELS BY MORTGAGOR—ORDER OF SALE SUBJECT TO JUST RIGHTS.—The entire rule established by section 299 of the Civil Code, respecting the order of sale of the mortgaged premises, in case of transfer of parcels thereof, and of subordinate liens not coextensive with the mortgage, applies, under the terms of the statute, only where it can be followed without injustice to other persons.

ID.—SALE IN INVERSE ORDER—ASSUMPTION OF MORTGAGE DEBT BY GRANTEE. The doctrine of selling mortgaged property, which has been alienated by the mortgagor, in the inverse order of alienation, is not unyielding; and where, upon a sale of part of the premises, the grantee has bound himself to pay the mortgage debt, or a proportionate part thereof, the portion purchased by him becomes in his hands and in the hands of those holding under him with notice, primarily chargeable with the mortgage debt, or such proportionate part thereof as he may have agreed to pay, as against the mortgagor, and as against subsequent purchasers of other parcels of the mortgaged premises.

ID.—COSTS—DISCRETION—APPEAL.—The costs in an action of foreclosure are in the discretion of the court, and, where the evidence is not returned upon appeal, it cannot be said that there was an abuse of discretion.

ID.—ATTORNEY'S FEES—STIPULATION—LIMITATION OF MORTGAGE SECURITY.— Where the mortgage purports only to secure the payment of a promissory note, and does not purport to secure the payment of attorney's fees, a stipulation in the mortgage for counsel fees at the rate of ten per cent upon the amount due, does not authorize the making of such fees a lien upon the property or the inclusion of them in the decree of sale.

APPEAL from a judgment of the Superior Court of Monterey County.    N. A. Dorn, Judge.

The facts are stated in the opinion.

Isaac Frohman, for Appellant.

J. K. Alexander, for Respondent Irvine.

S. F. Geil, and John J. Wyatt, for Respondent Meeker.

SEARLS, C.—This appeal is taken by F. C. Martin, one of the defendants in the above-entitled cause, from a decree of foreclosure of four mortgages. The cause comes up on the judgment-roll, without any statement or bill of exceptions.

On the second day of June, 1890, the defendant, John A. Perry, being the owner of five lots or parcels of land situate in Monterey county, designated as lots Nos. 10, 11, 55, 56, and 92 of the Rancho Buena Vista, mortgaged all thereof to Samuel Irvine, the plaintiff herein, to secure the payment of a promissory note for $4,000 and interest. The mortgage was duly recorded June 9, 1890.

November 10, 1890, Perry, the mortgagor, sold and conveyed all the lots to defendant D. G. McLean. Deed recorded on day of its date.

November 26, 1890, McLean conveyed lot 10, containing say 63 acres, to defendant Warren F. Meeker. Deed recorded January 31, 1891. Meeker, as a part of the consideration for the conveyance to him, agreed with McLean to pay $8 per acre on said lot toward the payment of plaintiff's mortgage.

April 17, 1891, McLean conveyed lot 11 to defendant and appellant herein, F. C. Martin. Deed recorded April 28, 1891.

The negotiations for the purchase by Martin were made by and through defendant John A. Perry, who represented to appellant Martin that he, Perry, was the owner of lot 11, and that it was free from encumbrance, which fact was believed by Martin, who had no actual notice of plaintiff's mortgage, which mortgage, however, was of record. Martin caused no search of the records to be made and made no effort to ascertain the true condition of the title. Plaintiff was not a party to these negotiations and was not cognizant thereof. Martin has paid Perry $2,400 on account of the purchase price of lot 11, and still owes him, Perry, $500 on account thereof.

April 17, 1891, defendant McLean sold lot 55 to defendants Merritt J. Hall and I. E. Hall, and all of lot 56 to said Merritt J. Hall.

November 14, 1891, defendant D. G. McLean and Susan McLean, his wife, conveyed to defendant John A. Perry lot 92. Deed recorded November 17, 1891.

January 5, 1892, John A. Perry conveyed a portion of said lot

92, containing say fifteen acres, and duly described, to defendant Benoist. Deed duly recorded. The several purchasers entered into possession and have paid taxes, etc. The ownership by defendants of each of the above enumerated parcels of land is subsequent and subordinate to plaintiff's mortgage.

The findings are full and explicit, but too lengthy to be detailed in full. The following brief synopsis will suffice for the purposes of the case.

The intervenor, E. C. Smith, is the owner, as assignee, of three mortgages upon portions of the premises as follows: 1. A mortgage given by M. J. Hall and I. E. Hall to D. G. McLean to secure a promissory note for $2,000, dated April 17, 1891, upon lot 55; 2. A mortgage dated April 17, 1891, executed by Merritt J. Hall to D. G. McLean upon lot 56, to secure a promissory note for $1,200; 3. A mortgage dated April 17, 1891, executed by Frank C. Martin, the appellant herein, to D. G. McLean upon lot 11, to secure a promissory note for $2,000.

The court found that $814.02 was due as principal and interest by defendant Meeker on his agreement made upon the purchase of lot 10, to pay $8 per acre on said lot 10 toward satisfying plaintiff's mortgage.

The court entered a decree of foreclosure of the four mortgages, holding that of the plaintiff Samuel Irvine prior in time and its lien superior to the three mortgages held by the intervenor, E. C. Smith. The decree provided for the sale of the lots separately, and in inverse order of their alienation, as provided by section 2899 of the Civil Code. The defendant F. C. Martin is the only appellant.

Lot 11, owned by appellant, was ordered to be sold after all of the other lots, except lot 10, concerning which the decree is as follows:

"Sixth. All of lot ten (10) shall be sold for at least the sum of $814.02, which sum shall be applied to the payment of the amount due the plaintiff, whether the amount realized on the lots sold theretofore be sufficient or not, leaving the amount received from the sales of the other property, in excess of the amount necessary to pay plaintiff, after applying the said sum of $814.02 received from the sale of lot ten (10) to the payment of plaintiff's claim, to be apportioned to the payment of the other mortgages herein foreclosed."

The reason of this provision is to be found in the findings, where it appears that Warren F. Meeker, who purchased lot 10, as a part of the consideration for his purchase, agreed to pay off at maturity, or become responsible for eight dollars per acre on the land by him purchased toward the satisfaction of the mortgage of the plaintiff. This sum amounted, as found by the court, to $814.02, which the court treated as a charge on said lot 10, to go toward the satisfaction of plaintiff's first mortgage before recourse upon appellant's lot No. 11.

We need not concern ourselves as to the rights of the plaintiff and intervenor as between themselves, or as to any of the defendants except appellant Martin, for the reason that they are not here complaining. Appellant's position is briefly this: He purchased lot No. 11, one of five lots, upon which plaintiff held a mortgage. He executed a mortgage upon his lot, which is held by intervenor. The purchasers of two other of the lots gave mortgages upon their several lots. The mortgagor of all the lots under the first mortgage had sold them to sundry parties. Lot 10 was first sold. Appellant's lot 11 was next in order of sale, and the residue in regular order.

As all the other parcels were ordered to be sold in satisfaction of the first mortgage, prior to that of appellant, with the single exception of No. 10, and, as to that, it was only the excess of its value over $814.02 that was postponed to appellant's lot, it must follow that appellant can have no cause of complaint except as to the postponement of the sale of lot 10, until after that of his own.

It is true that section 2899 of the Civil Code provides that: "Where one has a lien upon several things, and other persons have subordinate liens upon, or interests in, some but not all of the same things, the person having the prior lien, if he can do so without risk or loss to himself or of injustice to other persons, must resort to the property in the following order on the demand of any party interested: 1. To the things upon which he has an exclusive lien; 2. To the things which are subject to the fewest subordinate liens; 3. In like manner inversely to the number of subordinate liens upon the same thing; and 4. When several things are within one of the foregoing classes, and subject to the same number of liens, resort must be had: . . . . 3. To the

things which have been so transferred for a valuable considera-
tion in the inverse order of transfer."

This entire rule applies only to those cases where in the lan-
guage of the statute it can be followed without "injustice to
other persons."

, Where, as here, all of the mortgaged property has been sold in
parcels to different parties at different times, it would be inequi-
table to apply the rule as contended for by appellant. Had a
portion only of the mortgaged property been sold, the appellant,
as a purchaser, would be entitled to invoke the rule as against
the mortgagor who retained the residue thereof. So, too, in
such a case, the holder of a subsequent lien upon a portion of
the property could insist upon the application of the rule as
against a prior lienholder and the mortgagor.

As a purchaser of a portion of the premises covered by the
first mortgage, the right of appellant was to have the property
sold on foreclosure in satisfaction of such mortgage in the in-
verse order of its alienation, which is precisely what was ordered
by the decree.

It is true that the doctrine of selling mortgaged property
which has been alienated by the mortgagor in the inverse order
of alienation is not so unyielding but that it may be controlled
by circumstances.

A familiar example of this is to be found in cases where in a
sale of a part of the premises the grantee has bound himself
to pay the mortgage. In such a case, the parcel thus purchased
becomes in his hands, and those holding under him with notice,
primarily chargeable with the mortgage debt, as against the
mortgagor and grantor and as against subsequent purchasers of
other parcels of the morgtaged premises. (Jones on Mortgages,
sec. 1625; 3 Pomeroy's Equity Jurisprudence, sec. 1225; *Alvord
v. Spring Valley Gold Co.*, 106 Cal. 547; *Williams v. Naftzger*,
103 Cal. 438; *Weyant v. Murphy*, 78 Cal. 278; 12 Am. St. Rep.
50.) So where the part purchased is subject to a proportion of
the mortgage debt, it will be held *pro tanto* subject to the same
rule. (Jones on Mortgages, sec. 1625, and cases there cited.)
That rule was enforced here to the extent of the $8 per acre
agreed to be paid by the purchaser of lot No. 10.

Again, it is objected that Meeker's land (lot No. 10) was also

liable for its proportion of the costs. The costs were in the discretion of the court (Code Civ. Proc., sec. 1025), and, as we have not the evidence before us, we cannot say there was any abuse of discretion.

Again, the decree is blank as to plaintiff's costs, and it is not certain that any were allowed. At any rate, if allowed, the costs were to be paid generally out of the mortgaged property, and not by appellant specially.

The only other point calling for notice is that the counsel fees allowed by the court were not secured by the mortgage.

A copy of the mortgage is attached to the complaint, and contains the following clause in reference to counsel fees: "In case any action be brought to foreclose this mortgage for the recovery of any sums which may be due thereunder, counsel fees at the rate of ten per cent upon the amounts due shall be allowed and paid whether judgment be recovered or not."

The mortgage purports to be given "for the purpose of securing the payment of a promissory note, a copy whereof is as follows," etc.

The mortgage does not purport to be given to secure the payment of these attorneys' fees.

The case is on all fours with *Lee v. McCarthy* (Cal. 1894), 35 Pac. Rep. 1034. (See, also, *Clemens v. Luce*, 101 Cal. 432; *Boob v. Hall*, 107 Cal. 160; *Mason v. Luce*, 116 Cal. 233.) The allowance of the attorneys' fees was error.

We recommend that the cause be remanded, with directions to the court below to modify the judgment by striking therefrom the amount of the attorneys' fees allowed; and that in all other respects the judgment appealed from be affirmed, and that each of the parties pay his own costs on this appeal.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the cause is remanded, with directions to the court below to modify the judgment by striking therefrom the amount of the attorneys' fees allowed; and that in all other respects the judgment appealed from is affirmed, and that each of the parties pay his own costs on this appeal.

Harrison, J., Garoutte, J., McFarland, J.

On January 17, 1898, the court rendered the following opinion of modification of judgment:

THE COURT.—The judgment heretofore rendered herein is modified by adding thereto a direction to the superior court to further modify its judgment by directing that lot ten (10) named in the "sixth" parcel of land to be sold by the sheriff shall be sold for at least the sum of $890.74, instead of $814.02, and that this sum of $890.74 shall be applied to the payment of the amount due the plaintiff, leaving the amount received from the sales of other property after so applying said sum of $890.74 to the plaintiff's claim to be apportioned to the payment of the other mortgages.