[L. A. No. 615.   Department Two.—July 11, 1900.]

COUNTY BANK OF SAN LUIS OBISPO, Respondent, v. N. GOLDTREE et al., Appellants.

FORECLOSURE OF MORTGAGE—CONVEYANCE INTENDED TO SECURE NOTE—SUFFICIENCY OF COMPLAINT.—A complaint alleging that the defendants jointly executed to plaintiff a note for a specified sum, which is unpaid, and thereafter, as security for the payment of the same defendants, conveyed to plaintiff by deeds of grant certain described real estate, and "that said conveyance of said real estate by defendants to plaintiff is and was intended by both plaintiff and defendant to secure the payment of said promissory note," states a cause of action for the foreclosure of the deeds given by way of mortgage.

ID.—ATTORNEY'S FEE STIPULATED IN NOTE—LIEN UPON LAND—ADMISSION OF AVERMENT.—Where the note alleged to be secured by the deeds of grant was set out in the complaint, and contained a pro-

vision for the allowance of attorneys' fees in case of suit, the allegation of the complaint that the conveyance was "intended to secure the payment of said promissory note," includes the contract to pay the attorneys' fees, as well as the principal and interest of the note; and where such allegation was admitted at the trial, it was proper not only to give judgment for the attorneys' fees, but also to make them a lien upon the mortgaged premises.

Id.—Decree of Foreclosure—Sale in Separate Parcels.—Where the decree of foreclosure, in directing the sale of the mortgaged property, substantially followed the provisions of section 726 of the Code of Civil Procedure, and was in proper form under that section, if no defendant presented any equity to the court that he desired to have protected in the decree, no defendant can complain of its form. If the defendants desired to have the property sold in separate parcels, they should have proceeded to that end in accordance with section 694 of that code, by direction given at the sale, and cannot object upon appeal that the decree did not provide therefor.

Id.—Deficiency Judgment.—Under section 726 of the Code of Civil Procedure, which is constitutional and valid, the court was warranted in providing in the decree for the foreclosure of the deeds given by way of mortgage, for the entry of a deficiency judgment for any residue of the note left unpaid after the sale of the mortgaged premises.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. E. P. Unangst, Judge.

The facts are stated in the opinion.

Graves & Graves, for Appellants.

The court was not authorized to include counsel fees in the decree of foreclosure in the absence of any stipulation in the mortgage. (*Boob v. Hall*, 107 Cal. 160.) The judgment should have provided for sale by separate parcels of property acquired under different titles and described in separate deeds to the plaintiff. (*Raun v. Reynolds*, 11 Cal. 15.) A deficiency judgment was improper in this case, where no intention to that effect can be gathered from the terms of the mortgage. (*Farmers' Loan etc. Co. v. Commercial Bank*, 15 Wis. 424.) There can be no personal liability in a foreclosure suit, wherein there is no stipulation in the mortgage therefor. (Civ. Code, secs. 2890, 2928.)

W. H. Spencer, for Respondent.

The admitted allegation of the complaint established there was a mortgage to foreclose, and sustained the decree as made. (*Brandt v. Thompson,* 91 Cal. 458.) The note secured by the mortgage established a personal liability of the defendants, and the valid law of the state provides for a deficiency judgment. (Code Civ. Proc., sec. 726.)

GRAY, C.—This is an action on a note and to foreclose certain grant deeds of land given by way of mortgage to secure the payment of said note. Defendants appeal from the judgment.

The complaint shows that defendants jointly executed to plaintiff a note for thirty-three thousand one hundred and nineteen dollars and fifty-eight cents, and thereafter, as security for the payment of the same, defendants conveyed to plaintiff by deeds of grant certain described real estate. "That said conveyance of said real estate by defendants to plaintiff is and was intended by both plaintiff and defendants, as a mortgage to secure the payment of said promissory note." The note provides for the payment of two per cent on the sum due as attorney fees in case suit is brought to collect the same. The answers of defendants consisted solely of general denials of the allegations of the complaint. At the trial the defendants admitted that each and every allegation in the complaint contained was true. In the decree an attorney's fee as provided in the note was allowed, and, with the other amounts found to be due to plaintiff, was made a lien on the lands described in the complaint. The decree was in the usual form and directed that all and singular the mortgaged premises, or so much thereof as might be sufficient to raise the amount due plaintiff, together with costs of suit and expenses of sale, and which may be sold separately without material injury to the parties interested, be sold at public auction in the manner prescribed by law. A deficiency judgment was also provided for in the decree in the usual form.

1. A conveyance by deed of grant is deemed to be a mortgage when it is intended as a mortgage to secure the payment of a promissory note or the performance of any other obligation.

The complaint states a cause of action for the foreclosure of a deed given by way of mortgage. (Civ. Code, sec. 2924.) The demurrer was properly overruled.

2. The attorney's fee was properly allowed and properly made a lien on the mortgaged premises. A copy of what is called in the complaint a promissory note is set out therein, and it appears to contain, in addition to the usual terms of a promissory note, an agreement for attorney fees in case suit is brought. Following this is the allegation that the conveyance of the land was made to secure the payment of the "said note." This term "said note," as used in the complaint, evidently includes the contract to pay attorney fees previously set out as a part of the note. The truth of this allegation of the complaint having been admitted on the trial, it follows that we must treat the deeds as having been given to secure the payment of an attorney's fee, as well as the principal and interest of the note. It was proper, therefore, not only to give plaintiff judgment for an attorney's fee as provided, but also to make such fee a lien upon the mortgaged premises. There is nothing in conflict with this position in *Boob v. Hall*, 107 Cal. 160, nor in the case therein cited, *Clemens v. Luce*, 101 Cal. 432; for in the former case no agreement for an attorney's fee was alleged, and in the latter (*Clemens v. Luce, supra*), the terms of the mortgages confined them to securities for the payment of the principal and interest of the note, it nowhere appearing in the mortgages "that they were given as security for the payment of any attorney's fee whatever." In the cases of *Russell v. Findley*, 122 Cal. 478, and *Irvine v. Perry*, 119 Cal. 352, the agreement as to attorney fees provided for their payment only, and not that the mortgage should secure them; and it does not appear that the notes in those cases provided for the payment of any attorney's fee. In the case at bar we think it does appear from the complaint and the admission of its truth that the conveyance was made to secure the attorney's fee, for the promise to pay such fee is a part of the instrument secured.

3. The decree in directing the sale of the property substantially follows the provisions of section 726 of the Code of Civil Procedure, and is in proper form. If the defendants desired the property sold in separate parcels they should have pro-

ceeded to that end in accordance with section 694 of the Code of Civil Procedure. If any defendant had any interest in any of the lands described in the complaint that was not covered by the mortgage, or if he had any equity that he desired to have protected, he might have presented the matter to the trial court in a proper manner. It does not appear that he presented any such matter to that court in any manner; and he cannot now be heard to complain.

4. Section 726 of the Code of Civil Procedure, providing for a deficiency judgment, is not in conflict with any constitutional provision but is a valid law, and has been so recognized for upward of twenty-five years. Under it the court was warranted in providing for the entry of a deficiency judgment.

The judgment should be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Henshaw, J., McFarland, J., Temple, J.