[L. A. No. 782.  Department Two.—January 4, 1901.]

,WILLIAM T. PEACHY, Respondent, v. G. F. WITTER, Jr., et al., Appellants.

FORECLOSURE OF MORTGAGE—PLEADING—DESCRIPTION—UNCERTAINTY.—In an action to foreclose a mortgage, the overruling of a demurrer for uncertainty in the description of part of the mortgaged premises is not ground for reversal of the judgment, where it appears that the appellant understood what land was meant by the description, and was not misled or inconvenienced in any way on account of such uncertainty.

ID.—MATURITY OF CAUSE OF ACTION—EXTENSION OF TIME—CONFLICTING EVIDENCE.—Where the evidence is conflicting as to whether there was an extension of time for payment of the note secured by the mortgage, making the commencement of the action premature, a finding against the fact of such extension cannot be disturbed upon appeal.

ID.—WANT OF CONSIDERATION—NUDUM PACTUM.—An agreement for an extension of time of payment of a note and mortgage, made without any consideration, is *nudum pactum*, and cannot be enforced.

ID.—REFUSAL OF CONTINUANCE—DISCRETION—ABSENCE OF ASSOCIATE COUNSEL—ATTORNEY AS WITNESS.—It is not an abuse of discretion to refuse to continue a cause tried before the court without a jury, on the ground that one of the attorneys for the defendants who appeared at the trial was a witness in the case, and desired the presence of his associate counsel, who was absent on account of sickness in his family.

ID.—ALLOWANCE OF ATTORNEY'S FEE—PROVISION IN NOTE.—Where the note set out in the complaint and appearing to have been secured by the mortgage, contained a provision for a reasonable attorney's fee, as part of the note, it was proper to embody an allowance for an attorney's fee in the decree of foreclosure of the mortgage.

ID.—OFFER OF SETTLEMENT—REVOCATION BY SUIT—ACCEPTANCE AFTER SUIT—EVIDENCE.—An offer from the plaintiff to the defendant made before the commencement of the action to take the principal of the note in settlement of the demand, if not then accepted, is revoked by the commencement of the action to foreclose the mortgage for principal and interest; and a notice of acceptance of the offer given after the commencement of the action is too late, and is not admissible in evidence.

ID.—AGREEMENT TO TAKE LESS THAN AMOUNT OF CLAIM—CONSIDERATION. An agreement to take less than the amount of a claim past due must have a new consideration to support it.

ID.—INTERVENTION—ADVERSE CLAIM TO PROPERTY MORTGAGED.—An intervention is not permissible to set up an adverse claim of title to part of the mortgaged property in opposition to that of the mortgagor and mortgagee.

ID.—BURDEN OF PROOF UPON INTERVENOR—INSUFFICIENT SHOWING.—The burden of proof is upon the intervenor who claims title to show a title that can be litigated in the action of foreclosure; and a motion for leave to intervene which fails in such showing is properly denied.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion.

E. Graves, and G. F. Witter, Jr., for Appellants.

W. H. Spencer, for Respondent.

GRAY, C.—The defendants appeal from a judgment against them and from an order denying their motion for a new trial in a suit brought by plaintiff on a promissory note for four hundred dollars, besides interest, and to foreclose a mortgage given to secure said note. There is also an appeal from an order denying one Charles Orendorff the right to intervene.

1. Appellants contend that the description of the premises alleged to be mortgaged, as it appears in the complaint, is uncertain, and for that reason the demurrer to the complaint for uncertainty should have been sustained. A part of the property included in the mortgage, as appears from the complaint, was described as lot 18 of block 16 of the city of El Paso de Robles, county of San Luis Obispo, state of California, as per map of said city on file in the office of the county recorder of said county. This description is undoubtedly plain and certain, and as to the description of the rest of the property included in the mortgage, while it is not as certain, perhaps, as it should have been, yet it appears from the subsequent course of the case that the appellant understood just what land was meant by the description, and was not misled or even inconvenienced in any way in making his defense on account of any uncertainty in the description of the premises contained in the complaint. There was not any error, therefore, in overruling the said demurrer that should lead to a reversal of the judgment.

2. Appellants' next contention is that the action was prematurely brought, for the reason that the agent of plaintiff, acting within his authority and on behalf of his principal, by oral agreement extended the time for the payment of the note for a reasonable time, which reasonable time did not expire until after the date on which the action was begun. There is a conflict in the evidence as to whether the agent made such an agreement, and for that reason the finding of the court contrary to the contention of defendants should not be disturbed.

Again, if there was any such an agreement for extension of time as claimed, it was made without any consideration therefor, and is a mere *nudum pactum*, and cannot be enforced. (*Hughes v. Davis*, 40 Cal. 117.)

3. On the calling of the case for trial one of the defendants who had signed the answer as one of the attorneys stated that

he was a witness in the case and desired the presence of his associate counsel, who was absent on account of sickness in his family, and asked that the case go over until afternoon, when his said associate could possibly be present.  The court denied the request.

We here repeat what was said by the court in *Kern Valley Bank v. Chester*, 55 Cal. 49: "Granting or refusing a continuance on account of the absence of counsel is a matter which rests largely, if not wholly, in the discretion of the court, and we cannot see that there was any abuse of discretion in this case."  The case was tried before the court without a jury; the defendants were represented at the trial by one of their attorneys of record, and, apparently, their defenses were presented for all they were worth.  We see no error in the refusal of the court to continue the case.

4. The complaint set out a copy of the note in suit, which contained, as a part thereof, a provision for a reasonable attorney's fee.  It was also alleged in the complaint that the mortgage was given "to secure the payment of said note."

These allegations of the complaint are found by the court to be true and such finding is supported by the evidence.  The agreement for an attorney's fee, therefore, appears to have been secured by the mortgage, and it was proper to so treat it in the decree of foreclosure.  (*County Bank of San Luis Obispo v. Goldtree*, 129 Cal. 160.)

5. A letter was offered in evidence dated February, 1899, written by defendant Witter, Jr., some days after the action was begun and purporting to accept a proposition of plaintiff theretofore made to the effect that he, plaintiff, would release the mortgage on payment of the principal of his note.  This letter was properly excluded for two reasons: 1. Because it was written too late to constitute an acceptance of the alleged offer of plaintiff, as the said offer had been revoked by the commencement of the action; and 2. This letter, as well as the other evidence touching an agreement to take less than the whole amount due the plaintiff, was immaterial because it appeared that there was no consideration for any such an agreement.  An agreement to take less than the full amount of a claim made after the same is due must have a new considera-

tion to support it, or such agreement cannot be enforced. There was no error in the exclusion by the court of evidence offered by appellants.

6. Orendorff seeks to intervene in the action for the reason, as stated on his behalf, "that a part of the premises described in said complaint is the property of said Charles Orendorff," and "that if judgment were rendered in this action pursuant to said complaint and the property sold as described in said complaint it would cloud the title of the said Charles Orendorff." Orendorff presented no complaint in intervention to the court, and he does not disclose the date of his title or the nature of his ownership in the affidavit filed on his behalf. From the meager showing made it was impossible for the court to determine that his title was one that could be litigated in a suit for foreclosure. The burden was on him to show that his was a proper case for intervention. It appears to be the settled law that an adverse claim to the land in opposition to the mortgagor and mortgagee cannot be tried in the equitable action of foreclosure. (*Williams v. Cooper*, 124 Cal. 666; *Murray v. Etchepare*, 129 Cal. 318.) On the showing made the court properly denied the intervention.

The other points urged by appellants are not of sufficient importance to require special notice.

We advise that the judgment and orders appealed from be affirmed.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and orders appealed from are affirmed.

                  Henshaw, J., McFarland, J., Temple, J.