[Civ. No. 133.   Second Appellate District.—April 10, 1906.]

JOHN BURR, Respondent, v. A. P. CROSS, Appellant.

STATUTE OF FRAUDS—ORAL PROMISE TO INDEMNIFY SHERIFF—CUSTODY BY EMPLOYEE OF ATTACHING PLAINTIFF—PRINCIPAL DEBTOR.—An oral promise by plaintiff in an attachment suit to secure the appointment by the sheriff of his employee as keeper of the attached property, that he will save the sheriff harmless from all damages

through neglect or misconduct of such employee, is not void under
subdivision 2 of section 1624 of the Civil Code, but is an original
promise for his own benefit, upon a sufficient consideration mov-
ing to him, and he is to be regarded as ''the principal debtor''
within the meaning of subdivision 2 of section 2794 of that code.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Haas & Garrett, and A. P. Thompson, for Appellant.

W. C. Petchner and Oscar A. Trippet, for Respondent.

SMITH, J.—This is an appeal from a judgment against the
defendant for the sum of $1,069.30, with interest from August
16, 1900, and costs.

There is a statement or bill of exceptions in the record con-
taining the evidence given on the trial, which was that of
the plaintiff only, the defendant declining to put in any evi-
dence.

The gist of the case as shown by the complaint is: In a suit
of the defendant against Laing and others an attachment was
issued to the plaintiff, who was then the sheriff of Los Angeles
county, and by him levied on certain property of the defend-
ant's in the attachment case; and thereupon, on the proposi-
tion of the defendant, the attached property was placed in
charge of an employee of the defendant as keeper upon and
in consideration of his promise to save the plaintiff harmless
from all liability for any damages that might be done to the
property by reason of the negligence, carelessness, or breach
of duty of such employee while in charge of the property.
The attached property remained in charge of the keeper thus
employed until January 1, 1899, during which time, by the
negligence or misconduct of the keeper, the property, or much
of it, was lost, destroyed and otherwise damaged to the amount
of $1,000.   And thereafter, the attachment having been re-
leased, a suit was brought against the plaintiff by the
assignee of Laing for damages on account of the loss, consump-
tion and destruction of the property as aforesaid, and judg-

ment recovered against him for the sum of $1,000 and costs, aggregating $1,069.30, which was paid by the plaintiff.

It appears from the evidence, though not alleged in the complaint, that ·the defendant was notified of the pendency of that suit and undertook that his attorney should assist in the defense.

The court finds that all the allegations of the complaint are true; and this finding, we think—though the contrary is contended by the appellant—is fully sustained by the evidence.

The principal point urged by the appellant is, that the promise of the defendant—which was admittedly oral—was void under subdivision 2 of section 1624 of the Civil Code. But we are of the opinion that this contention cannot be sustained. The promise of the defendant was his own, made for his own benefit and upon a sufficient consideration moving to him, and he is therefore to be regarded as "the principal debtor." (Civ. Code, secs. 1605, 2794, subd. 2.)

Numerous other points are made by the appellant, but none of these, we think, are of any materiality.

The judgment is affirmed.

Allen, J., and Gray, P. J., concurred.