[L. A. No. 2277.    Department One.—June 9, 1909.]

MINNIE WORTH, Respondent, v. C. WORTH, Appellant.

STATUTE OF LIMITATIONS—ACKNOWLEDGMENT OF MORTGAGE INDEBTEDNESS—REMOVAL FROM OPERATION OF STATUTE.—Shortly before an indebtedness secured by mortgage would have become barred by the statute of limitations, the attorney for the mortgagee wrote to the mortgagor specifically calling his attention to the indebtedness and to the fact that it would soon outlaw, and suggested its renewal or payment. In response the mortgagor immediately wrote to the attorney as follows: "In response to the mortgage referred to in yours of recent date. I see no necessity of making a new mortgage. An agreement extending the old mortgage will have the same effect, won't it; however if you must have a new mortgage will make it. Nothing ever outlaws with me." *Held,* that the letters constituted a sufficient acknowledgment in writing of the indebtedness to take it out of the operation of the statute of limitations.

ID.—EXTINGUISHMENT OF LIEN.—A lien is not extinguished by lapse of time so long as the principal obligation is kept alive.

ID.—PLEADING—APPEAL—JOINDER OF CAUSES OF ACTION—FAILURE TO DEMUR.—On an appeal from a judgment for the plaintiff in an action based on a note secured by mortgage, in which the relief granted was based wholly on the allegations contained in a count of the complaint setting up the mortgage, the appellant cannot complain of a joinder in the complaint of a cause of action based on the note alone, when no such objection was raised by way of demurrer or otherwise.

ID.—INSUFFICIENCY OF EVIDENCE TO SUSTAIN FINDINGS—ABSENCE OF SPECIFICATIONS.—An objection that the evidence is not sufficient to warrant certain of the findings of facts cannot be considered on appeal, when the record on appeal utterly fails to make any attempt to show any specifications of any particulars wherein the evidence was insufficient.

ID.—FINDINGS—OBJECTIONS TO JUDGMENT—EXCESSIVE JUDGMENT—COUNSEL FEES.—Where the facts upon which an objection to the judgment is based are shown on the face of the findings, the objection is available to the appellant on a claim that the findings do not sustain the judgment. This rule is applicable, in an action foreclosing a mortgage, to an objection to the allowance of counsel fees, and to an objection that the judgment is excessive.

ID.—ATTORNEY'S FEE PROVIDED FOR IN NOTE—JUDGMENT OF FORECLOSURE.—In an action to foreclose a mortgage given to secure a note which itself contains a provision for attorney's fees in the event that suit is commenced to enforce its payment, counsel fees are properly allowed and made a lien on the mortgaged premises. Such allowance, however, cannot exceed the amount stipulated for in the note.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

F. E. Davis, and J. W. Cochran, for Appellant.

Edwin A. Meserve, for Respondent.

ANGELLOTTI, J.—This is an appeal by defendant from a judgment and order denying his motion for a new trial, in an action brought by plaintiff to foreclose the lien of a mortgage given by defendant to plaintiff, to secure the payment of a promissory note dated February 15, 1899, for twenty-five hundred dollars, bearing interest at the rate of eight per cent per annum and payable March 1, 1902.

1. It appears from the amended complaint that this action was not commenced until shortly after the expiration of four years from the maturity of the note. A demurrer was interposed to the amended complaint based on the ground that it appears on the face thereof that said action is barred by section 337 of the Code of Civil Procedure, which prescribes four years as the period within which an action must be brought on a written contract. The amended complaint, however, contained allegations, which, in our opinion, made it good as against this demurrer. In addition to other acknowledgments alleged, it was alleged as follows: On January 30, 1906 (several weeks before the expiration of the four-year period), Mr. Meserve, the attorney for the plaintiff, who, to defendant's knowledge, had full charge of this matter for plaintiff, wrote to defendant, as follows:—

"January 30, 1906.

"C. WORTH, Esq.,

"Dear Sir:

"Mrs. Minnie Worth has called my attention again to the fact that your note to her for $2,500.00, dated Feb. 15, 1899, due March 1st, 1902, will outlaw during the month of February next, and has asked me to take the matter up with you looking to its renewal or payment. Will you please give the matter your immediate attention, and oblige,

"Yours very truly,

"EDWIN A. MESERVE."

To this, defendant immediately responded as follows:—

"Los Angeles, Cal., 2-2, 1906.

"EDWIN A. MESERVE,

"City.

"Dear Sir:

"In response to the mortgage referred to in yours of recent date. I see no necessity of making a new mortgage. An agreement extending the old mortgage will have the same effect, wont it; however, if you must have a new mortgage will make it. Nothing ever outlaws with me.

"Truly yours,

"C. WORTH."

It was further alleged that plaintiff would have commenced her action prior to March 1, 1906, but for said statement and offer to renew, upon which she relied.

Counsel for defendant have not pointed out why this was not a sufficient acknowledgment in writing of the indebtedness to take the case out of the operation of the statute of limitations, and we can conceive of no reason why it did not have such effect. (See *Foster* v. *Bowles,* 138 Cal. 346, 351, [71 Pac. 494, 649], and cases there cited.) A lien is not extinguished by lapse of time so long as the principal obligation is kept alive. (See *Weinberger* v. *Weidman,* 134 Cal. 600, [66 Pac. 869].)

The demurrer was properly overruled.

2. Some complaint is made on this appeal that the amended complaint contained a second cause of action based on the note alone, and without any allegation as to the mortgage. No objection by way of demurrer or otherwise was made to this joinder, and the relief granted by the judgment was based wholly on the allegations contained in the first count. We cannot see that any objection on this ground is now available to defendant, or that he could have been prejudiced in the slightest degree by the insertion of this cause of action.

3. It is urged in the briefs that the evidence was not sufficient to warrant certain of the findings of fact, but a sufficient answer to this claim is that the record on appeal fails to show any specification of any particular wherein the evidence was insufficient. This is not a case of alleged insufficient specifications, but a case of no attempt at specification at all. We are therefore precluded from considering the question suggested.

4. It is claimed that counsel fees were not secured under the terms of the mortgage, and that the court, therefore, erred in making the amount allowed plaintiff therefor, $175, a lien on the mortgaged premises and payable out of the proceeds of the foreclosure sale. The facts upon which this objection is based are shown on the face of the findings, and the point is available to defendant on a claim that the findings do not sustain the judgment. But there is no force in the objection on its merits. The language of the mortgage as to counsel fees is practically the same as that contained in the mortgage in *Klokke* v. *Escailler,* 124 Cal. 297, [56 Pac. 1113], where it was held that the counsel fees were not secured by the mortgage. But this case differs from that in that the note here itself contains a provision for "seven per cent on principal, as attorneys fees in such suit," in the event that suit is commenced

to enforce payment of the note. The mortgage was given to secure "said note," which included the contract to pay the attorney fee provided for therein. The attorney fee was therefore secured by the mortgage. The case in this respect is the same as *County Bank* v. *Goldtree,* 129 Cal. 160, 163, [61 Pac. 785], and *Peachy* v. *Witter,* 131 Cal. 316, 319, [63 Pac. 468]. The amount allowed was, however, excessive. The trial court was not warranted in allowing more on this account than was stipulated for in the note. The findings show that there was due on the principal only $2220, so that the utmost the trial court could properly allow was $155.40. The amount allowed should be decreased by $19.60. We do not understand that a party waives his objection that the findings do not support the judgment by a failure to proceed in the lower court by motion under sections 663 and 663½ of the Code of Civil Procedure, to have a proper judgment entered.

5. In another respect, shown by the findings, is the judgment excessive. It is specifically found that defendant has paid $1740 on account of said note, $1460 thereof being interest thereon to May 15, 1906, and $280 thereof being on account of the principal. While it is further said that this leaves $2320 due on the principal, it is manifest that this conclusion cannot be true, and that the balance due for principal was only $2220. It thus appears indisputably from the figures found by the trial court that the amount due at the date of the findings and decree, July 29, 1907, on account of principal and interest, was $2434.06 instead of $2586.07, the amount adjudged, a difference in favor of defendant of $152.01. This objection we think is also available to defendant, as an objection that the findings do not support the judgment.

There is no other point requiring notice.

It is ordered that the judgment be and the same is hereby modified by inserting the amount "$2434.06" in lieu of the amount "$2586.07" wherever the same occurs therein, and also by inserting the amount "$155.40" in lieu of the amount "$175.00" wherever the same occurs therein, and as so modified the judgment is affirmed.

The order denying the motion for a new trial is affirmed.

Sloss, J., and Shaw, J., concurred.