[Civ. No. 994.    Second Appellate District.—November 24, 1911.]

## THE NATIONAL BANK OF CALIFORNIA AT LOS ANGELES, a Corporation, Respondent, v. W. L. MULFORD et al., Respondents, and LOS ANGELES PAVING BRICK COMPANY, a Corporation, Appellant.

NEW TRIAL—MOTION UPON MINUTES OF COURT—WANT OF PARTICULAR SPECIFICATIONS IN NOTICE—DENIAL OF MOTION REQUIRED.—When a motion for a new trial is made upon the minutes of the court, it is insufficient that the notice shall specify generally "insufficiency of the evidence to justify the decision" or "errors of law occurring at the trial," but the notice "must specify the particulars in which the evidence is alleged to be insufficient," and "must specify the particular errors upon which the party will rely," and where there

are no such particular specifications in such notice, the motion upon the minutes of the court must be denied.

ID.—NOTICE OF MOTION NOT SERVED UPON ADVERSE PARTIES.—Where the notice of the motion was not served upon adverse parties thereto whose interests would be affected by the favorable result of the defendant's appeal, the motion, however made, was properly denied upon that ground.

ID.—RIGHTS OF CODEFENDANTS ADVERSE TO APPELLANT AS OWNER OF MORTGAGED LAND.—Where two of the codefendants were mortgagees of chattels and of real property, whose mortgages were assigned to the plaintiff, and the defendant appealing became the owner of the mortgaged land, and the court rendered judgment for the sale of the mortgaged chattels first, and if they were found insufficient, then for the sale of the mortgaged land, and that any deficiency be docketed against the mortgagor and mortgagees, and the whole contention of appellant is that his land should not be sold to satisfy the real estate mortgage, his contention is adverse to the interest of the codefendants to be protected against any deficiency judgment; and appellant's notice of motion for a new trial was required to be served upon said codefendants as being adversely interested.

ID.—NEW TRIAL STATEMENT NOT PROPERLY SERVED NOT CONSIDERED AS A BILL OF EXCEPTIONS UPON APPEAL.—Where, besides the failure to serve the notice of motion for a new trial upon the codefendants as adverse parties, there was, for the same reason, a failure to serve them with the proposed statement on the motion for a new trial, or to give them an opportunity to serve amendments thereto, the statement cannot be considered as a bill of exceptions to be used upon the appeal from the judgment.

ID.—APPEAL FROM JUDGMENT TAKEN FIVE MONTHS AFTER NOTICE OF ENTRY OF JUDGMENT—INSUFFICIENCY OF EVIDENCE NOT CONSIDERED. Where the appeal from the judgment was not taken until some five months after the notice of the entry of the judgment, in no event could the insufficiency of the evidence to justify the findings be considered upon such appeal.

ID.—MOTION TO STRIKE OUT PARTS OF AMENDED COMPLAINT—ERROR NOT SHOWN IN RECORD.—Where error in striking out parts of an amended complaint is assigned, but the only reference to the question as shown by the record is a paper found in the transcript, appearing to be a copy of a notice that appellant would make such motion, but it does not appear that such motion was ever made or that any ruling was had thereon, the appellant is not entitled to a review of such alleged error.

ID.—ALLOWANCE OF ATTORNEY'S FEE UPON FORECLOSURE—NOTES AND MORTGAGE ATTACHED AS EXHIBITS TO COMPLAINT.—The court properly allowed an attorney's fee upon the foreclosure of the mortgage, where copies of the notes and mortgage were attached as

exhibits to the complaint and were made part thereof, and the notes thereby secured contained a provision that in case of suit the maker thereof would pay a reasonable attorney's fee.

ID.—ERRORS ASSIGNED NOT PRESENTED OR ARGUED.—Where errors assigned are not urged or argued upon appeal, the matter will not be deemed of sufficient importance to merit notice in the opinion of the court.

APPEAL from a judgment of the Superior Court of Los Angeles county, and from an order denying a new trial. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

F. C. Austin, for Appellant.

Oscar A. Trippet, Schweitzer & Hutton, Force Parker, and Geo. W. Dryer, for Respondents.

SHAW, J.—Action to foreclose two mortgages. The facts, so far as necessary to the decision of the case, are as follows: For the purpose of securing the payment of his two promissory notes, the defendant W. L. Mulford executed to his codefendants Boggs and Noyes two mortgages, one upon chattels, the other upon certain real estate, after which he transferred all interest in the real estate mortgaged to defendant Los Angeles Paving Brick Company, appellant herein. Boggs and Noyes transferred the mortgages and notes to plaintiff, who, upon default in the payment thereof, instituted this action, joining W. L. Mulford, the Los Angeles Paving Brick Company, F. A. Noyes and A. W. Boggs as parties defendant, and against each of whom plaintiff asked that a deficiency judgment be docketed in case the proceeds of the sale of the property mortgaged were found insufficient to pay the amount due.

The court made its findings and, in accordance therewith, rendered judgment for plaintiff, decreeing, first, the sale of the chattels, and if the proceeds thereof were inadequate to pay the judgment, then the sale of the real property mortgaged, and directing that if the proceeds thereof were found insufficient to pay the balance of the judgment, costs and expenses of sale, the sheriff, in his return thereof, should

specify the amount of such deficiency, and the clerk should docket a judgment for the same against the defendants Mulford, Noyes and Boggs; and that plaintiff have execution therefor. Notice of the entry of this judgment was, on December 10, 1909, duly served upon the appellant herein. On December 20, 1909, appellant served upon plaintiff alone notice of its intention to move for a new trial upon the minutes of the court. The motion when made was denied. Defendant appeals from that part of the judgment directing a sale of the real estate described in the mortgage, and from the order denying its motion for a new trial.

Section 659, Code of Civil Procedure, provides that the party intending to move for a new trial must serve upon the adverse party a notice of his intention, designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits, or the minutes of the court, or a bill of exceptions, or statement of the case. By subdivision 4 thereof, it is provided that, "When the motion is to be made on the minutes of the court, and the ground of the motion is the insufficiency of the evidence to justify the verdict or other decision, the notice of motion must specify the particulars in which the evidence is alleged to be insufficient; and, if the ground of the motion is errors in law occurring at the trial, and excepted to by the moving party, the notice must specify the particular errors upon which the party will rely. If the notice does not contain the specifications here indicated, when the motion is made on the minutes of the court, the motion must be denied." While the notice served upon plaintiff states that the motion will be made upon the minutes of the court, and in general terms specifies as the grounds thereof "the insufficiency of the evidence to justify the decision," and "errors in law occurring at the trial and excepted to by defendant," it wholly fails to specify the particulars in which the evidence is alleged to be insufficient, or the particular errors in law relied upon to support the motion. It therefore follows that if the motion for new trial was made, as indicated in the notice, upon the minutes of the court, the ruling of the court could not have been other than a denial of the motion.

It is likewise apparent that the ruling must be sustained for the reason that the notice was not directed to or served upon Mulford, Noyes or Boggs, the codefendants of appellant. A notice of motion for a new trial, however made, must, in order to be effectual, be served upon all adverse parties. (Code Civ. Proc., sec. 659.) Appellant, conceding the necessity of such service, insists that neither of such codefendants is an adverse party. This position cannot be maintained. The whole contention of appellant is that its land should not be subjected to a sale for the purpose of applying the proceeds thereof to the payment of the judgment rendered against its codefendants. Since under the decision the judgment rendered against Mulford, Noyes and Boggs was for such deficiency only as might exist after applying the proceeds of the sale of the mortgaged real estate to the amount found due, it is quite clear that the effect of sustaining appellant's claim would be adverse to their interest. The result would be an increase of the deficiency judgment against them to the extent of the amount which might be derived from a sale of the property. (*Estate of Pendergast,* 143 Cal. 135, [76 Pac. 962]; *Boob* v. *Hall,* 107 Cal. 160, [40 Pac. 117]; *Johnson* v. *Phenix Ins. Co.,* 152 Cal. 196, [92 Pac. 182]; *Ford & Sanborn Co.* v. *Braslan etc. Co.,* 10 Cal. App. 762, [103 Pac. 946]; *Estate of Young,* 149 Cal. 173, [85 Pac. 145].)

For like reasons, namely, a failure to comply with the provisions of section 650, Code of Civil Procedure, thus depriving the adverse parties of all participation in the settling and allowance of the statement, and an opportunity to submit amendments thereto, it cannot be considered as a bill of exceptions on the appeal from the judgment. Moreover, the appeal from the judgment was not taken until some five months after service of notice of entry thereof; hence, in no event could the insufficiency of the evidence to justify the findings be considered. (Code Civ. Proc., sec. 939.)

Appellant assigns as error the failure of the court to sustain its motion to strike from the amended complaint filed certain designated portions thereof. The only reference to the question, as shown by the record, is a paper found in the transcript, which appears to be a copy of a notice that

appellant would make such motion. It does not appear that such motion was ever made, or any ruling had thereon. To entitle the appellant to a review of an alleged error in denying a motion, the record should disclose that the motion was made, the grounds thereof, and the ruling of the court. None of these facts are made to appear.

The court found that the payment of a reasonable attorney's fee was secured by the mortgage, and so treated it in the decree. Appellant claims that, under the pleadings, this was error. In support of this contention appellant cites *Irvine* v. *Perry,* 119 Cal. 357, [51 Pac. 544, 949] , *Klokke* v. *Escailler,* 124 Cal. 297, [56 Pac. 1113] , and *Boob* v. *Hall,* 107 Cal. 160, [40 Pac. 117]. An examination of these cases, however, discloses that none of them is in point. In the case at bar, copies of the notes and mortgage were attached to the complaint and made a part thereof. The notes contained a provision to the effect that in case of suit the maker thereof would pay a reasonable attorney's fee in such suit. The mortgage was given "as security for the payment of those two certain promissory notes," etc. It thus clearly appears that the mortgage was given to secure the performance of the covenants contained in the notes, one of which covenants was to pay an attorney's fee. The facts as shown by the complaint and found by the court bring the case within the doctrine announced in *Peachey* v. *Witter,* 131 Cal. 316, [63 Pac. 468] , *County Bank* v. *Goldtree,* 129 Cal. 160, [61 Pac. 785] , and *Burr* v. *Cross,* 3 Cal. App. 414, [86 Pac. 824], all of which distinguish the case at bar from those cited by appellant.

The only questions left for review on the appeal upon the judgment-roll are the sufficiency of the findings to support the judgment, as to which no question is raised, and the ruling of the court in overruling defendant's demurrer to the amended complaint. While this is one of twelve enumerated assignments of error, as to all of which counsel says his argument is intended to apply, he makes no attempt to point out wherein the ruling upon the demurrer was erroneous, or to specify any reason why the same should have been otherwise. "It is due to this court from the members of the bar to point out clearly and concisely the rulings complained

of as erroneous and the reasons why they are so, with reference to authorities, if any. In case counsel will not take the trouble to do so, we shall deem the matter as of not sufficient importance to merit notice in an opinion." (*People* v. *McLean,* 135 Cal. 309, [67 Pac. 770].)

The judgment and order are affirmed.

Allen, P. J., and James, J., concurred.