[Civ. No. 1273.  First Appellate District.—November 19, 1913.]

BENJAMIN F. STRANGE, Respondent, v. MARGUERITE A. STRANGE et al., Defendants; MARGUERITE A. STRANGE, Defendant and Appellant.

NEW TRIAL — OMISSION OF SPECIFICATIONS FROM NOTICE — TIME FOR AMENDMENT.—The moving party for a new trial is not entitled, thirty-three days after receiving notice of the entry of judgment and twenty-one days after filing and serving his notice of intention to move for a new trial, to amend his notice of intention by supplying specifications of the particulars in which the evidence is alleged to be insufficient, and also specifications of errors of law upon which he will rely, both of which specifications were entirely omitted from his original notice.

ID.—MOTION FOR NEW TRIAL—OMISSION OF SPECIFICATIONS AS TO INSUFFICIENCY OF EVIDENCE.—A motion for a new trial, based upon a notice which fails to contain any specification of particulars in which the evidence is alleged to be insufficient, cannot be granted upon that ground.

ID.—NOTICE OF MOTION—SPECIFICATION OF PARTICULARS—NEW METHOD OF APPEAL.—The alternative method of appeal provided by section 953a of the Code of Civil Procedure does not relieve the moving party for a new trial from the necessity of specifying in his notice of intention the particulars in which he intends to urge that during the trial the court has erred in matters of law.

ID.—MOTION FOR NEW TRIAL ON GROUND OF NEWLY DISCOVERED EVIDENCE—TIME FOR FILING AFFIDAVITS.—Where one moves for a new trial upon the grounds of accident, surprise, and newly discovered evidence, it is incumbent upon him, within ten days after the date of the service and filing of his notice of intention, to either serve and file his affidavits in support of the proposed motion, or to obtain a stipulation or order granting further time so to do.

SUIT TO QUIET TITLE—EVIDENCE—BURDEN OF PROOF.—Where the defendant, in an action involving title to land, bases his claim of title on a deed from the plaintiff, the plaintiff is not required to prove title in himself prior to the date of such deed.

ID.—CONFLICTING EVIDENCE—CONCLUSIVENESS ON APPEAL.—A finding of the court in such action as to the intention of the grantor in delivering such deed, based on evidence substantially conflicting, will not be disturbed on appeal.

APPEALS from a judgment of the Superior Court of the City and County of San Francisco and from orders made in

the matter of a motion for a new trial. H. D. Burroughs, Judge presiding.

The facts are stated in the opinion of the court.

John H. Crabbe, and E. B. Mering, for Appellant.

James H. Boyer, for Respondent.

RICHARDS, J.—The appellant prosecutes herein three appeals—one from an order denying appellant's motion for leave to amend her notice of intention to move for a new trial; one from an order denying appellant's motion for a new trial, and one from the judgment. They will be considered in the above order.

The order of the trial court refusing appellant leave to amend her notice of intention to move for a new trial was based on the objection that appellant's notice of motion for leave to amend her notice of intention was served and filed thirty-three days after appellant had duly received written notice of the entry of judgment, and twenty-one days after appellant's notice of intention to move for a new trial had been served and filed; and that since by said motion for leave to amend her notice of intention to move for a new trial appellant sought to supply specifications of the particulars in which the evidence was alleged to be insufficient, and also specifications of errors of law upon which the appellant would rely, and both of which specifications were entirely omitted from her original notice, the proffered amendment came too late, and that the court had no longer jurisdiction to grant leave to amend her notice of intention to move for a new trial in the respects sought by said motion.

It is to be noted that appellant's motion for leave to amend was not made upon the ground of mistake, inadvertence, surprise, or excusable neglect. That the court committed no error in sustaining the respondent's objection and refusing appellant leave to amend her notice of intention to move for a new trial in the respects indicated, would seem to be the settled law of this state. (*Union Collection Co.* v. *Oliver,* 162 Cal. 755, [124 Pac. 435]; *Little* v. *Jacks,* 67 Cal. 165, [7 Pac. 449]; *Parker* v. *Doray,* 98 Cal. 317, [33 Pac. 118]; *Salisbury* v. *Burr,* 114 Cal. 451, [46 Pac. 270]; *Estudillo* v. *Security*

*Loan Co.,* 158 Cal. 67, [109 Pac. 884] ; *National Bank of Cal.*
v. *Mulford,* 17 Cal. App. 551, [120 Pac. 446].)

Appellant's motion for a new trial being thus based upon a
notice which failed to contain any specification of particulars
in which the evidence was alleged to be insufficient could not
have been granted upon that ground.   (Code Civ. Proc., sec.
659.)

Said notice of intention also failed to specify the particular
errors of law occurring at the trial and excepted to by the ap-
pellant.   Counsel for the appellant contends that since the
adoption of the alternative method of appeal provided for in
section 953a of the Code of Civil Procedure, which enables
the appellant to present to the appellate court the reporter's
transcript "of the testimony offered or taken, evidence offered
or received, and all rulings, instructions, acts or statements of
the court, also all objections or exceptions taken and all matters
to which the same relate," and which also provides that such
transcript is to be considered on appeal in lieu of a bill of
exceptions, the reason for the specification of the particular
errors of law required by section 659 of the Code of Civil
Procedure, no longer exists, and that the decisions of the court
requiring such specifications rendered prior to the adoption
of section 953a of the Code of Civil Procedure, no longer
apply.

We have read the elaborate, insistent, and extended argu-
ment of counsel in support of this contention, but we cannot
give our concurrence to its conclusions.   On the contrary, it
would seem that the amendment of section 647 of the Code
of Civil Procedure so as no longer to require exceptions to the
rulings of the court during the trial to be taken or noted,
when read in connection with the change in method of pre-
paring the record on appeal worked by the adoption of sec-
tion 953a of the same code, would furnish an additional and
stronger reason for a strict adherence to the rule that the
moving party on a motion for a new trial should be required
to specify in his notice of intention the particulars in which
he intends to urge that during the trial the court has erred in
matters of law.

An examination of the cases decided since the adoption of
section 953a of the Code of Civil Procedure will show that the
courts have consistently adhered to the former well established

rule. (*Union Collection Co.* v. *Oliver,* 162 Cal. 755, 124 Pac. 435]; *National Bank of Cal.* v. *Mulford,* 17 Cal. App. 551, [120 Pac. 446].)

The motion for a new trial, in so far as it was based upon unspecified errors of law, was also properly denied.

The appellant's motion for a new trial was also to be based upon the grounds of accident, surprise, and newly discovered evidence. It was incumbent upon the appellant, within ten days after September 9th, the date of the service and filing of her said notice of intention, to either serve and file her affidavits in support of this branch of her proposed motion, or to obtain a stipulation or order granting her further time so to do. Such affidavits were not served nor filed until September 25th—eighteen days after the service and filing of the notice of intention, and no stipulation or order extending the time within which to serve and file these affidavits was ever applied for or made. It is clear, therefore, that they came too late to be available upon the motion for a new trial over an objection to their use.

The record, however, shows that not only was no objection made to the use of these affidavits, but that they were in fact offered, read, and considered by the court upon said motion. This being so, we have considered them here; but having done so, we fail to find in their contents any sufficient ground for granting a new trial.

This leaves the appeal from the judgment as the only matter remaining for consideration in this case.

The contention of the respondent that the notice of intention to appeal was filed too late is without merit; and the only substantial question presented upon the appeal is as to whether the evidence is sufficient to sustain the judgment.

The sole claim of title which the appellant asserts to the property in question in her answer and cross-complaint is that derived by a deed from plaintiff to her and her codefendant dated October 20, 1908. This being so, it was not required by plaintiff that he should prove title in himself prior to the date of said deed; and hence, the only real issue in the case was as to the intention of the grantor with respect to the delivery of the deed. The grantor of the instrument being the plaintiff in the case, and having affirmatively testified that he had never delivered nor intended to deliver said deed, nor to

part with his title or control over the property during his lifetime; and his testimony in these respects being strongly supported by other evidence in the case, we are satisfied that there is such a substantial conflict in the evidence as to preclude us from disturbing the findings and judgment of the court below.

The judgment and several orders appealed from herein are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 19, 1913, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 17, 1914.